DAWKINS, J.
This is a suit to annul a tax deed held by the defendant covering the N. % of N. E. % of section 29, township 9 south, range 11 west, situated in the parish of Calcasieu, under a sale made for the taxes of 1894, and which deed was filed for record on November 23, 1895. The alleged grounds of nullity are, want of proper notice to plaintiff, the alleged tax debtor, and, in anticipation of a plea of prescription of three years under article 233 of the Constitution of 1898, the allegation that, inasmuch as the defendant was a member of the convention which adopted said Constitutioh, he is not entitled to avail himself of the benefit of the article mentioned.
Plaintiff prays for the annulment of the tax deed and for an accounting for the revenues received by defendant from the property, which he alleges amount to several thousand dollars, less the sum paid at the tax sale, penalties, interest, cost, and taxes.
Certain preliminary pleas having been filed and disposed of by the court below, defendant filed answer, pleading first the exception of no cause of action, and then admitting the purchase at tax sale and that defendant was a member of the constitutional convention as alleged, but denying the other allegations of the petition. He also pleaded the prescriptions of three years under article 233 of the said Constitution of 1898, two years under section 66 of Act 85 of 1888, and five years under article 3542 of the Revised Civil Code.
Subsequently, plaintiff filed a motion to strike from the answer the exception of no cause of action, which was done, with the acquiescence of the defendant.
Thereafter, the plaintiff filed a plea of prescription of 10 years, acquirendi causa, under the article of the Code, and also a plea of estoppel, based upon the contention made in his petition, above indicated, that the defendant, having been a member of the convention which adopted the Constitution of 1898, is estopped to claim the benefits of the provisions which affect his private rights existing at the time of its adoption.
The case was tried on its merits, and there was judgment overruling the pleas of estoppel and prescription filed by plaintiff, and sustaining the plea of prescription under article 233 of the Constitution, urged by defendant, and otherwise rejecting the demands of the plaintiff at his cost.
Plaintiff has appealed.
[1, 2] The record in this ease apparently does not contain a copy of the deed or title upon which plaintiff rests his claim of ownership as the basis of his action to annul the tax title of defendant, but we gather from the trend of the evidence and argument made, orally and in brief, as well as the admission made by defendant on page 38 of the transcript, that plaintiff was also a purchaser of the same property at a tax sale in 1894 for the taxes of 1893, sold in the name of S. B. Stephens. The deed assailed herein recites that, proceeding under Act No. 85 of 1888, as amended by Act No. 106 of 1890, the sheriff and ex officio tax collector of Calcasieu parish had mailed the notices to all delinquent tax debtors, and published the lists as required by law, and that the property how in question was, on the 19th day of October, 1895, adjudicated for the taxes, interest, and costs of 1894, “due by S. B. Stephens, C. P. Hampton present owner,” to the defendant, H. C. Drew. The property had been assessed in the name of S. B. Stephens as a nonresident, and, in the advertisement publishing it as delinquent, the land was described as follows:
Nonresident Roll. Taxes, Interest and Cost, \
Stephens, S. B., C. P. Hampton, present owner, 80 acres, N. 1.2 of N.E. 1.4 Sec. 29, Tp. 9, S. R. 11 West...........................................$2 82
Plaintiff is, and was at that time, a man of prominence in the parish of Calcasieu, and had represented the district of which that parish was a part in the state senate. Eor *377 some years prior to 1895, he had lived in Lake Charles, but in the summer of that year moved to Vinton, in the same parish, and swears that he never received the delinquent tax notice required to be issued by law.
All of the tax rolls and records of Calcasieu parish were destroyed by fire in 1910, but copies of those above referred to were obtained from an abstract company doing business in the city of Lake Charles and by consent filed in this record. The sheriff and his two deputies who witnessed the tax deed to defendant were dead at the time of the trial below, but a Mr. M. D. Andrus, who was the deputy in charge of the tax collector’s department of the sheriff’s office at that time, was sworn as a witness, and testified that it was the uniform custom and practice of the department of which he was in charge to note upon the rolls for the year in which tax sales were made the names of all tax purchasers ; and, when the new rolls for the year following were filed in his office, to also note thereon the said names of purchasers as “present owners” for the purpose of sending to them the notices of delinquency required by law; that, when such notices were mailed, the letter “N” (meaning notice) was entered opposite each name, and, unless this letter appeared on the roll at the time of publication, the property was not advertised; that, in view of the fact that the original tax roll upon which his notation and memoranda were made had been destroyed by fire, he was unable to swear positively what appeared thereon or had been done, but in view of the fact that the property had been advertised, and the name of the plaintiff herein, C. P. Hampton, was shown as the present owner, he was certain that the notice had been sent; that he knew the plaintiff well, knew his address, and there was no reason for his having failed to send the notice properly to him.
In the admission in the record with respect to the tax sale at which plaintiff supposedly acquired, referred to above, it is recited that the deed was recorded “December 18th, 14th or 15th, 1894,” long after the time when the assessor was required under the law (September 1st) to file his rolls for that year, and this doubtless accounts for the fact that it was again assessed in the name of S. B. Stephens as a nonresident for 1894.
Plaintiff never at any time paid any taxes upon the property after his purchase at tax sale, while, on the other hand, defendant, according to the evidence and receipts filed in the record (except for three or four years which, were shown to have been lost), paid the taxes from the time of his purchase down to the trial of the case.
As against the facts above recited, which after the lapse of 20 years are strongly fortified by the presumption which attaches to officials’ acts, there appears the testimony of plaintiff alone that he did not receive the notice. It may be that he did not actually see or receive it, because of having changed his residence (it not being required then that such notices should be sent by registered mail), or because some member of his family or an employe took it from the post office and never gave it to him; but, even then, it was sufficient if the notice were mailed to him at his last known address, whether the same ever actually came into his possession or not.
Under these circumstances, carrying the burden of proof as plaintiff in the suit, we think he has not made out his case on the facts, and that it is not necessary for us' to consider the pleas of prescription or other questions of law involved.
[3] We think that plaintiff’s plea of prescription acquirendi causa is without merit, for the reason that if the tax sale to defendant divested the title which he had previously acquired, also at tax sale, there is no subsequent act or title upon which plaintiff can *379 rest such a plea. The record does show that the plaintiff sold the timber off of the property in dispute, and that other persons, with his permission, had fenced it in for a pasture, during a number of years, the exact extent of which is not clear from the record, but this would only become pertinent if he had a title antedating that of defendant which such possession might sustain under the plea of prescription of ten years; or, if we were called upon to consider the prescription of three years under article 233 of the Constitution.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.