413 So.2d 666 (1982)
RIVER CITIES CONSTRUCTION COMPANY, INC., et al.
v.
BARNARD & BURK, INC.
No. 82-CW-0080.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
John S. White, Jr., Baton Rouge, for River Cities Const. Co. and J. King Woolf, Jr.
Ray C. Dawson, Baton Rouge, for Ohio Cas. Ins. Co.
Boolus J. Boohaker, Baton Rouge, for Louisiana Nat. Bank.
*667 Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
On the day of the trial herein defendant Barnard & Burk, Inc., filed an exception of no right of action as to River Cities Construction Company, Inc., based on a certificate of the Secretary of State that the "Articles of Incorporation and the Corporate Franchise of River Cities Construction Co., Inc., are revoked, and the authority of River Cities Construction Co., Inc. to do business in this State has ceased, effective January 27, 1982."
After an evidentiary hearing, the exception was overruled, and Barnard & Burk, Inc. applied to this court for a writ of certiorari to review the correctness of that determination. We issued an alternative writ of certiorari, and the trial judge having elected the alternative, the matter is now before us for decision.
R.S. 12:163 provides, in part, as follows:
"A. Where a corporation has failed to designate and maintain a registered office, or to designate and maintain a registered agent pursuant to the provisions of R.S. 12:104, for a period of ninety consecutive days, or where a corporation has failed to file an annual report for three consecutive years, according to the records of the secretary of state, the secretary of state is authorized to revoke the articles of incorporation and franchise of such corporation after certifying that no annual report has been filed in his office during three consecutive years."
. . . .
"C. In any case where the secretary of state revokes the articles of incorporation and the corporate franchise, as authorized in Subsection A of this Section, the secretary of state shall, without charge, record notice of such revocation in the conveyance records and the corporations registry of the office of the clerk of court in the parish where the corporation maintains its registered office and, in the parish of Orleans, such notice shall be recorded in the office of the recorder of mortgages and register of conveyances for said parish.
"In addition, the secretary of state shall cause notice of such revocation to be published in the official journal of the state of Louisiana.
"D. At least thirty days prior to revoking the articles of incorporation and the corporate franchise, as authorized by Subsection A of this Section, the secretary of state shall give notice to the affected corporation of his intention to revoke the articles of incorporation and the corporate franchise by directing notice of such intention to the last designated registered agent of such corporation, as shown on the records of his office. Such notice shall be in writing and sent to said registered agent by certified United States Mail at said agent's last known address."
Joyce Breaux, director of the corporation division of the office of the Secretary of State, testified that the records of that office showed that River Cities had not filed an annual report since 1976, and had not appointed an agent for service of process.
The records placed in evidence indicate that the corporation's charter was filed in the office of the Secretary of State on May 25, 1973. The articles were amended on March 2, 1977, to increase the authorized stock. On May 4, 1977, there was a report filed changing the corporation's registered office address and its registered agents. The new office address was 1550 Steele Boulevard, Baton Rouge. The agents for service were R. Boatner Howell, Jr., Martin C. Schroeder, Jr., and J. Michael Cutshaw, 329 St. Ferdinand Street, Baton Rouge. On June 27, 1978, the registered office was changed to 329 St. Ferdinand Street, Baton Rouge, and the registered agent to Howell, Schroeder and Cutshaw, Ltd. (A Professional Corporation). On June 1, 1979, the agents for service, Howell, Schroeder and Cutshaw, Ltd., resigned, and no successor agents have been appointed. The last annual report was filed in December, 1976.
*668 Mrs. Breaux testified that the notice required by R.S. 12:163(D) had been mailed to River Cities on November 29, 1981, as part of a bulk mailing of 44,000 such notices done by the department's computer center. The notice was directed to the last address of the registered office, since the agents for service of process had resigned. She did not have a copy of the notice letter. She further testified that many return receipts had been received, but that they were not in any kind of order. She was therefore unable to produce a return receipt.
River Cities' first argument against the exception is that it is, in fact, an objection to procedural capacity rather than to the right of action, and therefore should have been raised by the dilatory exception. Since that exception was not filed before defendant's answer, it is argued that the exception is waived. We disagree. When a corporation's charter is revoked, it ceases to exist as a legal entity. It is not the capacity to sue but the legal existence of the corporation which is being challenged by the exception, and the peremptory exception is the proper vehicle for such a challenge. Articles 923, 927, Code of Civil Procedure.
River Cities next argues that the trial judge correctly overruled the exception of no right of action because the record does not affirmatively show that the Secretary of State properly fulfilled all of the requirements of R.S. 12:163, supra. The effect of Mrs. Breaux's testimony is that the requirements of the law were met, but she was unable to testify that she had personally verified the procedures followed relative to River Cities. We find that the trial judge improperly placed the burden of proof on the Secretary of State. It is settled law that there is a presumption in favor of the legality and regularity of the acts of public officials. The burden of proof therefore falls on those who attack such acts to show that they were not carried out in accordance with law. There is no such evidence in this case. See Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962); Hampton v. Drew, 145 La. 374, 82 So. 375 (1919).
We hold that the certificate of revocation issued by the Secretary of State is presumptive evidence that the charter of River Cities has been properly revoked and that there is no affirmative evidence showing that the Secretary failed to comply with the provisions of R.S. 12:163, supra. We therefore find that the exception should have been maintained.
R.S. 12:163 makes no provision for disposition of actions by or against a corporation the charter of which has been revoked; nor does it provide for liquidation of such a corporation having assets and liabilities or engaged in the operation of a business. However, R.S. 12:143(A)(8) provides that a court may entertain a proceeding for involuntary dissolution of a corporation when it appears that the corporation's franchise has been annulled, vacated or forfeited under the provisions of R.S. 12:163. Although it appears that R.S. 12:143(A)(8) is referring to R.S. 12:163 as it was before amended to its present form, we think it reasonable to conclude that the legislature intended the same procedure to apply to revocations under the present law.
It is clear that actions by or against a dissolved corporation do not abate, even after dissolution. R.S. 12:148(C). We can not, therefore, dismiss the suit filed by River Cities, even though the corporation no longer enjoys legal existence. Rather, we must remand the case to the district court for the substitution of a proper legal successor to the corporation in accordance with law.
The writ of certiorari issued herein is therefore made peremptory, and the exception of no right of action is maintained. A delay of 60 days from the date this judgment becomes final is granted for the qualification of a proper legal successor to River Cities Construction Co., Inc. and his substitution as a party plaintiff herein in accordance with law. In default of such proper qualification and substitution, within the time specified, the suit of River Cities Construction Co., Inc. will be dismissed. All *669 costs of the prosecution of this writ shall be borne by plaintiff. All other costs shall await final disposition of this suit on its merits.
Writ peremptory, with order.