459 So.2d 711 (1984)
Wilmer J. BALTAZOR
v.
Dorothy B. WALDEN, et al.
No. CA 1945.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Writ Denied January 14, 1985.
*712 Edward J. DeMartini, Kenner, and Frank Rabito, New Orleans, for appellants.
A. Bowdre Banks, Jr. of Banks & Fritch, New Orleans, for appellee.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
CIACCIO, Judge.
The issue on this appeal concerns the right of a corporation to reinstatement and continued existence following a revocation by the Secretary of State pursuant to La. R.S. 12:163 A.
Plaintiff, Wilmer J. Baltazor, appellee, is a shareholder of one-third (1/3) of the outstanding shares of the defendant corporation, Baltazor, Inc., and is an officer and director of that corporation. Defendants, Dorothy B. Walden and Albert A. Baltazor, each own one-third (1/3) of the outstanding shares of Baltazor, Inc., and are officers and directors of that corporation. Also named as a defendant is Baltazor Fabrics, Inc.
This law suit began when plaintiff filed a petition entitled "Shareholder's Secondary Action for Damages, For the Appointment of a Receiver, and On Promissory Note." Plaintiff alleged that the individual defendants had wasted, misused and misapplied the assets of both of the corporate defendants, and thereby caused him damage. Plaintiff prayed for dissolution of the two corporations and for the appointment of a liquidator or, alternatively, receivers to take charge of all corporate property. Plaintiff also prayed for judgment on a promissory note, damages, expenses of the litigation, attorney fees, costs and interest. All defendants answered plaintiff's petition.
Plaintiff then filed a "Petition for Temporary Restraining Order and Rule for Preliminary Injunction." In this second petition plaintiff reiterated an allegation of the first petition that the articles of incorporation and franchise of Baltazor, Inc., had been revoked by the Secretary of State pursuant to La.R.S. 12:163 A. Plaintiff requested that defendants be enjoined from holding a meeting of the board of directors and from executing a certain lease.
Defendants answered, stating that the revocation by the Secretary of State had been set aside and that the articles of incorporation and charter had been reinstated.
At trial, plaintiff offered no proof that defendants were "wasting, misusing and misapplying the assets of both corporations." The testimony in the record dealt solely with the failure of the corporation to file its annual reports and the action of the Secretary of State in revoking and reinstating the defendant corporation and in issuing a new charter to the second "Baltazor, Inc."
The trial court issued a preliminary injunction enjoining defendants "from executing any leases, loans or any business on behalf of Baltazor, Inc. other than that business customarily and usually necessary for the day to day operations of Baltazor, Inc." The judgment also set the matter for trial on the permanent injunction.
*713 After a hearing, the trial judge issued a permanent injunction "restraining and prohibiting [defendants] from holding a meeting of the Board of Directors of the defendant corporation, Baltazor, Inc." The judgment further ordered the appointment of a temporary liquidator for Baltazor, Inc. From this judgment defendants have appealed. We reverse.
Baltazor, Inc. is a closely held corporation whose stock is equally divided among plaintiff, Wilmer J. Baltazor, defendant, Dorothy B. Walden, and defendant, Albert A. Baltazor. On March 13, 1982, under the authority provided in La.R.S. 12:163 A, the Secretary of State revoked the articles of incorporation and franchise of Baltazor, Inc. for failure to file an annual report for three consecutive years. On June 21, 1983, documents were filed with the Secretary of State incorporating a new Baltazor, Inc. The incorporators were plaintiff's attorneys of record in this proceeding. We presume, as there is nothing in the record to indicate otherwise, that the incorporation was accomplished in a representative capacity on behalf of plaintiff. On June 22, 1983, the required annual reports were filed and the appropriate fees were paid for the reinstatement of the original Baltazor, Inc. The Secretary of State issued a certificate of reinstatement setting aside the previous revocation "as though said revocation had never occurred." Subsequently, when the updated records of the Secretary of State revealed the existence of the two corporations named Baltazor, Inc., he informed the original Baltazor, Inc. that reinstatement could not take place under that name. (Baltazor, Inc. had been enjoined, however, from conducting a board of directors meeting at which a name change could be accomplished.)
In granting the permanent injunction, the trial judge reasoned:
"The statute (R.S.12:163) authorizes the reinstatement upon application within one year from the effective date of the revocation. The charter and franchise of the defendant corporation, Baltazor, Inc. were revoked on May 13, 1982. Any action taken by the Secretary of State in an attempt to reinstate the charter and Articles of Incorporation more than one year after the date of revocation is unauthorized and is therefore of no effect."
The judge further ordered the appointment of a temporary liquidator pursuant to his authority under La.R.S. 12:143 E.
The language of La.R.S. 12:163 does more than authorize reinstatement within one year of revocation. Reinstatement within one year is required if all prerequisites are met:
E. The charter and articles of incorporation shall be reinstated provided an application for reinstatement, the reinstatement fee and the current annual report is filed with the secretary of state within one year after the effective date of the revocation. (Emphasis ours)
The statute is silent concerning reinstatement beyond one year of the effective date of the revocation, and contains no language prohibiting reinstatement beyond one year.
The Secretary of State is charged with the administration of the state corporation laws. La. Const. of 1974 Art. 4 Sec. 7. The trial testimony of a representative of the office of the Secretary of State indicated that reinstatement beyond one year of revocation is customarily permitted, and that if the corporate name has been taken, reinstatement is still permitted, combined with a requirement that the name be changed or amended. We have found nothing which prohibits this administrative policy. If all prerequisites are met, there is no legal impediment to the authority of the Secretary of State to reinstate a corporation beyond one year from revocation.
Appellee argues that reinstatement is barred because the corporate name has been assumed by another entity. Corporate existence is not absolutely dependent upon the selection of the corporate name. If there occurs a conflict with regard to the corporate name, that does not affect or vitiate the corporate existence. La.R.S. 12:23 F. Further, legal questions remain unanswered regarding the propriety of plaintiff's action in having his representatives *714 appropriate the corporate name of the original corporation to plaintiff's new corporation while the plaintiff was serving in the fiduciary capacity of director and officer of the first corporation, and, under these circumstances, whether the original corporation is entitled to reclaim its corporate name which may be a valuable property right. However, these issues need not be resolved at this time but may be resolved in future legal proceedings.
We find that the trial court erred by concluding that reinstatement by the Secretary of State more than one year after the date of revocation is unauthorized and of no effect. We do not read this state's corporation laws as dictating the mandatory involuntary dissolution of a corporation solely because of the failure to file for reinstatement within one year of revocation. We do not interpret La.R.S. 12:143 A (8) as providing for such a result. La. R.S. 12:143 A (8) requires a "judgment annulling, vacating or forfeiting the corporation's articles and franchise." "Judgment", in this instance, includes prior requirements of notice in writing, demand for correction of the situation giving rise to the action and proceedings in a court of competent jurisdiction. See La.R.S. 12:163 as enacted by La.Acts 1968, No. 105 Sec. 1 (this same act created R.S. 12:143). Revocation pursuant to the administrative powers of the Secretary of State does not satisfy this requirement. To the extent that River Cities Construction Co., Inc. v. Barnard & Burk, Inc., 413 So.2d 666 (La.App. 1st Cir.1982), expresses a different opinion, we disagree.
We hold that it was within the power of the Secretary of State in administering this state's corporation laws to reinstate a corporation (which has satisfied the requirements for reinstatement) more than one year after the effective date of revocation.
Further, we note that during the most recent legislative session La.R.S. 12:163 was amended to mandate reinstatement within three years of revocation. Three years has not elapsed since the revocation concerning the original Baltazor, Inc.[1]
Because we find it was within the power of the Secretary of State to reinstate the original Baltazor, Inc. we reverse the judgment of the district court enjoining any meeting of the board of directors. Further, because we consider the appointment of the temporary liquidator, to have resulted directly from the enjoining of the board of directors based on an erroneous interpretation of R.S. 12:163 E, we also set aside that appointment. This matter is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal are to be paid by plaintiff-appellee.
REVERSED AND REMANDED.
NOTES
[1] As noted above, whether the original Baltazor, Inc. may reclaim its name or will be required to amend its name will have to be determined by further proceedings.