FORET, Judge.
This is an action for cancellation of certain oil leases owned by plaintiff-lessor, Ray Estis, against defendant-lessee, Monte Carlo Exploration, Inc. (Monte Carlo). Also named as defendants are Monte Carlo’s assignees of the leasehold interest in dispute, to-wit: Donald E. Garlikov, Ronald Garlikov, M.D., Joan Jugloff, and Carol Jean Howell Smith. The petition prays for cancellation of the leases due to lack of production.
All defendants reconvened against Estis, praying for damages for loss of production allegedly due to Estis’ interference and unjust enrichment.
The defendants then filed a third party petition against third party defendants, S & S Oil & Gas, a Louisiana partnership composed of Sam Spears and Shirley Miles. The third party petition alleged that S & S Oil & Gas, as operator of the lease properties, breached the operating agreement between itself and Monte Carlo and thus, is liable to defendants for damages.
Finally, Estis filed an amended and supplemental petition alleging that the lessee was Garland Smith, in his individual capacity, doing business as Monte Carlo Exploration, Inc.
The trial court found in favor of plaintiff, Estis, on the original demand and in favor of S & S Oil & Gas on the third party demand. Additionally, the trial court granted Estis costs and attorney fees. Garland Smith was held individually liable for a proportion of the attorney’s fees. Defendants, Garland Smith, Monte Carlo Exploration, Inc., Donald Garlikov, Ronald Garlikov, M.D.,' Joan Jugloff, and Carol Jean Howell Simth, appeal the judgment of the trial court.
ASSIGNMENTS OF ERROR
1. Did the trial court err in finding that the oil and gas leases terminated under their own terms due to lack of production for a period of 90 days after expiration of the primary term?
2. Did the trial court err in finding that S & S Oil & Gas, as operator of the leasehold interest, did not breach its agreement with Monte Carlo?
3. Did the trial court err in finding Garland Smith liable for attorney’s fees?
FACTS
On November 8, 1983, and January 6, 1984, Ray Estis, acting individually and as agent and attorney-in-fact for his children, granted to Monte Carlo Exploration, Inc., a Louisiana corporation (whose charter had been revoked by the State in May of 1982), certain oil and gas leasehold interests in Catahoula Parish, Louisiana. Estis retained a 25% royalty interest in the leases.
In late 1983 and 1984, Monte Carlo assigned fractional working interests in the leasehold interest among the defendants, as follows:
Donald E. Garlikov - 25%
Ronald Garlikov - 25%
Joan Jugloff - 5%
Carol Jean Howell Smith - 25%
On December 27, 1984, Monte Carlo assigned to S & S Oil & Gas “20% interest of vendor’s 45% leasehold interest” in the Es- *343 tis lease in consideration for $20,000. $9700 of the $20,000 was to be immediately paid on outstanding bills, while the remaining $10,300 was to be used to pay Monte Carlo’s future operating costs as they became due. Also, Sam Spears, acting on behalf of S & S Oil & Gas, agreed to operate the lease, manage day-to-day operations, and perform these duties in a prudent and skillful manner as recognized by the industry.
Spears operated the lease until he was forced to stop production, due to numerous problems, in March of 1985.
In August of 1985, Estis informed each working interest owner that the lease had expired because 90 days had elapsed without production. At this time, written demand for recordable releases was sent to each working interest owner. Said releases were not forthcoming and, as a result, this lawsuit ensued.
LEASE CANCELLATION
The leases were entered into on November 8, 1983, and January 6, 1984. Pursuant to the evidence presented, production clearly ceased prior to March 31, 1985. The mineral leases, by their own terms, expired when 90 days had passed without production, drilling, or reworking. The trial court was correct in ordering the cancellation and erasure of the disputed leases from the records of the Clerk and Recorder of Mortgages for Catahoula Parish, Louisiana. We find no merit to this assignment of error.
OPERATOR LIABILITY
We also agree with the trial court’s finding that Sam Spears, acting on behalf of S & S Oil & Gas, acted as a reasonable and prudent operator of the lease premises. The evidence revealed that Spears encountered numerous technical, financial, and administrative problems, not the least being that he was not permitted to sell the oil produced due to the “sealing” of the tanks by the Office of Conservation.
Spears paid more of the outstanding bills than he had contracted for or was made aware of at the time he negotiated the operating agreement. He invoiced the other working interest owners for their share of operating expenses, with little success. The funds he did receive from one working interest owner was too little too late. This lack of financing from certain of the appellants prevented him from performing as an operator and prevented him from upgrading the lease to the specifications required by the Office of Conservation to obtain the necessary permits to sell oil.
We cannot say that the trial court was clearly wrong in finding that Monte Carlo, as lessee, was ultimately responsible for production and had 90 days to find another operator after production ceased. We also agree with the trial court that Spears paid more than his share of production costs as long as there was production. Essentially, Spears ran out of funds because he was not receiving the necessary financial assistance for operating expenses which he was entitled to expect from the other working interest owners. Therefore, we find this assignment of error without merit.
PERSONAL LIABILITY
Appellant, Garland A. Smith, contends that the trial court erred in awarding Estis attorney’s fees of $1,000 plus costs, payable by Monte Carlo and Garland A. Smith.
Estis’ first supplemental and amending petition alleges in paragraph 2 as follows:
“On November 8, 1983, and on January 6, 1984, Ray Estis, plaintiff, leased lands in Catahoula Parish, Louisiana, to Garland Smith, doing business as Monte Carlo Exploration, Incorporated, ...”
Garland Smith’s answer, although denying the other allegations in Estis’ first supplemental and amending petition, “admits the allegations contained in Paragraph Two (2) of the First Supplemental and Amending Petition,” i.e., that the lease was between Ray Estis and Garland Smith.
At trial, Estis produced a certificate of the Secretary of State declaring that the corporate charter of Monte Carlo was revoked on May 13, 1982.
*344 Under these circumstances, i.e., the judicial admission set forth above;[1] the Secretary of State’s certification that Monte Carlo’s charter had been revoked; together with the lack of any evidence presented by Monte Carlo as to the observance of corporate formalities, we sustain the trial court’s finding that Garland Smith and Monte Carlo are one and the same. As such, we find no merit in this assignment of error.
CONCLUSION
Based on the foregoing, insofar as we do not find that the trial court was clearly in error as to any issues of law or fact, we affirm the judgment of the trial court. Costs are to be paid by appellants, Garland Smith, Monte Carlo Exploration, Inc., Donald E. Garlikov, Ronald Garlikov, M.D., Joan Jugloff, and Carol Jean Howell Smith.
AFFIRMED.

. See La.C.C. art. 1853.