664 So.2d 138 (1995)
ACADIAN CYPRESS & HARDWOODS, INC.
v.
Fred PIAZZA d/b/a Genesee Millworks, and Harold West d/b/a Harold West Construction.
No. 94 CA 2495.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Rehearing Denied November 15, 1995.
Writ Denied February 9, 1996.
*139 Thomas B. Waterman, Ponchatoula, for Plaintiff-Appellee Acadian Cypress & Hardwoods, Inc.
Sharon B. Barron, Hammond, for Defendant-Appellant Fred Piazza D/B/A Genesee Millworks.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
LOTTINGER, Chief Judge.
The res nova issue to be decided in this appeal is whether the sole shareholder of a corporation can be held personally liable for debts incurred in the corporate name during the time its corporate charter was under revocation after corporate status has been reinstated. From a judgment holding the defendant, Fred Piazza d/b/a Genesee Millworks personally liable, defendant appeals.

FACTS
Acadian Cypress & Hardwoods, Inc. (Acadian), a building materials supplier, filed this suit on June 25, 1993, to recover the sum of $5,746.80 which represents the value of certain building materials which it furnished and delivered to defendant, Fred Piazza, d/b/a Genesee Millworks (Piazza) on open account during the period between July 16, 1990, and November 11, 1991[1].
After the institution of this suit, Piazza's attorney informed Acadian's counsel that the entity referred to as Genesee Millworks was in actuality, a corporation, Genesee, Inc.[2], which was wholly owned by defendant, Fred Piazza. Acadian's counsel replied that information supplied to him by the secretary of state indicated that the corporate charter issued to Genesee, Inc. had been previously revoked on November 19, 1990, due to the failure of Genesee, Inc. to file annual reports for a period of three years. The corporate charter of Genesee, Inc. was subsequently reinstated on August 2, 1993. Acadian, out of an abundance of caution, added Genesee Millworks, Inc. as a defendant in this matter by filing a second supplemental and amending petition on June 6, 1994.

ACTION OF THE TRIAL COURT
Immediately prior to the trial of this matter, in ruling on the peremptory exception raising the objection of no cause of action filed by Piazza, the trial court, citing River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 413 So.2d 666 (La.App. 1st Cir.1982), held that upon revocation of its corporate charter, Genesee had ceased to function as a corporate entity. The court concluded that Piazza was therefore responsible, as a sole proprietor, for that portion of the indebtedness incurred after the charter's revocation on November 19, 1990, until November 11, 1991.
After trial on the merits, the court concluded that the indebtedness had been incurred after the charter of Genesee, Inc. had been revoked and prior to its reinstatement on August 2, 1993, and thus Piazza was personally liable for the entire balance of $5,746.80 together with legal interest from the date of judicial demand and for all costs.
*140 From this judgment, Piazza has appealed asserting that the court misconstrued the provisions of La.R.S. 12:163(E)(2) which states that reinstatement of a corporate charter shall be retroactive to the date of revocation so as to render the revocation as if it had never occurred.[3]

DISCUSSION
The statute at issue in this case is La.R.S. 12:163(E) which provides in pertinent part:
E. (1) The certificate of incorporation and articles of incorporation shall be reinstated:
(a) Provided that a suit for liquidation or receivership of the corporation has not been filed at the time reinstatement is applied for; and
. . . .
(c) Provided that an application for reinstatement signed and acknowledged by an officer of the corporation, the reinstatement fee, and the current annual report is filed with the secretary of state within three years from the effective date of the revocation.
(2) ... Upon filing the current annual report and payment of the reinstatement fee ..., the certificate of reinstatement of such charter and articles of incorporation shall be retroactive and the charter and articles of incorporation shall continue in existence as though the revocation had never occurred.

La.R.S. 12:163(E) (emphasis supplied).
As we stated previously, the issue to be decided by this appeal is whether debts incurred in the corporate name during the revocation of a corporate charter become the personal obligations of the corporation's sole shareholder despite the charter's subsequent reinstatement. We think not.
The entity known as Genesee Millworks had transacted business with Acadian since 1989. The account to which charges and payments were posted bore the name of Genesee Millworks. Genesee, Inc's corporate charter was revoked on November 11, 1990, due to its failure to file annual corporate reports with the secretary of state; however, this action was taken apparently without the knowledge of Genesee's agents or Piazza.[4] Acadian sold the building materials to Genesee Millworks apparently believing it to be a corporation. In fact, prior to filing suit, Acadian only learned of the revocation of Genesee, Inc.'s charter when it checked with the secretary of state's office to determine the agent for service of process.
Acadian relies upon an earlier decision of this court in River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 413 So.2d 666 (La.App. 1st Cir.1982) for the proposition that once a corporation's charter is revoked, it ceases to exist as a legal entity. By extension, Acadian argues that if Genesee, Inc. no longer existed, Piazza, as the corporation's sole shareholder should be held personally liable for any debts subsequently incurred in the corporate name. The trial judge agreed and so held.
In addressing the language of the statute which provides that a corporation may seek reinstatement of its charter, and that any charter thus reinstated shall continue in existence as though revocation had never occurred, the trial court concluded that such language "could not be intended to impinge on the contractual obligations between the parties." We do not find this to be the case.
As counsel for Piazza points out, the River Cities case, like Estis v. Monte Carlo Exploration, Inc., 558 So.2d 341 (La.App. 3rd Cir.), writ denied, 563 So.2d 879 (La.1990), a second case cited by Acadian, does not address the effect of a charter's reinstatement. The issue presented in the River Cities at 668, case was whether or not a suit filed by a corporation whose charter had been similarly revoked could be maintained. In River Cities, this Court held that "[w]hen a corporation's charter is revoked, it ceases to exist as *141 a legal entity"; however, the court went on to conclude that under La.R.S. 12:148(C) "actions by or against a dissolved corporation do not abate, even after dissolution." The matter was therefore remanded to the district court for proper substitution of the corporation's legal successor. In Estis, the court held that an individual defendant was personally liable due to the admission contained within his answer that the lease in question was between the plaintiff-lessor and himself individually.
Because of the absence of Louisiana decisions interpreting the reinstatement provision of La.R.S. 12:163(E), we must attempt to determine the effect of reinstatement from the language of the statute itself. In so doing, we find that the trial court's ruling ignores the express language of the statute which provides that a charter's reinstatement "shall be retroactive and the charter and articles of incorporation shall continue in existence as though revocation had never occurred." While revocation of a corporation's charter has the effect of suspending corporate existence, the corporation itself is not dissolved, and the statute provides that corporate existence may be thereafter revived through compliance. The words "had never occurred" must mean what they say, "it never happened."
Under the facts presented by the instant case, we conclude that based upon the language of the statute, and Genesee, Inc.'s corporate reinstatement prior to trial, the trial court's ruling that Piazza was personally liable for debts incurred in the corporate name after revocation of Genesee's charter was error. Since the trial court's ruling on personal liability was based on its denial of the peremptory exception raising the objection of no cause of action, we will reverse and remand for further proceedings.

CONCLUSION
For the foregoing reasons, the trial court's judgment holding Piazza personally liable to Acadian for the debts of Genesee, Inc. is reversed and remanded for further proceedings. Costs of this proceeding are assessed against Acadian.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs with reasons.
FITZSIMMONS, Judge, concurring.
I concur in the result. Under the facts and circumstances of this case, the trial court was incorrect in finding Piazza personally liable for debts incurred in the corporate name when its corporate charter was under revocation but subsequently reinstated. There is a key distinction between suspension of a corporation's existence and its dissolution. La.R.S. 12:163 does not dissolve the corporation, but merely suspends corporate existence, subject to reinstatement.
NOTES
[1] Acadian also asserted a claim against Harold West d/b/a Harold West Construction alleging that West was solidarily obligated with Piazza for a portion of the amount owed; however, on the morning of trial, Acadian agreed to voluntarily dismiss its claims against West.
[2] While copies of records of the secretary of state which were filed into evidence in this matter reflect the official corporate name as Genesee, Inc., Genesee Millworks is a registered trade name of the corporation. Pleadings subsequently filed by both parties alternately refer to this entity as Genesee Millworks, Inc.
[3] Acadian timely answered the appeal, however, by motion filed in this Court, Acadian dismissed its answer to the appeal.
[4] Despite the fact that the secretary of state is required under La.R.S. 12:163(D) to give notice via certified mail of the impending charter revocation to the corporation's registered agent at his last known address, Piazza claims no such notice was received.