952 So.2d 744 (2007)
TIGER HO, L.L.C.
v.
Emile P. DiGIOVANNI d/b/a DiGiovanni's Insulation & Refractory, Inc. and Honorable Desiree M. Charbonnet, Recorder of Mortgages.
No. 2006-CA-0909.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 2007.
*745 Edward J. McCloskey, McCloskey & Langenstein, L.L.P., New Orleans, Louisiana, for Plaintiff/Appellant.
Stephen D. Marx, Chehardy, Sherman, Ellis, Breslin, Murray, Recile & Griffith, LLP, Metairie, Louisiana, for Defendants/Appellees.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE).
JAMES F. McKAY III, Judge.
The plaintiff, Tiger Ho, L.L.C. (Tiger Ho), appeals the trial court's denial of its petition for a writ of mandamus. We affirm.

FACTS AND PROCEDURAL HISTORY
In September of 2002, Tiger Ho and DiGiovanni's Insulation & Refractory, Inc. (DiGiovanni)[1] entered into a construction contract under the terms of which DiGiovanni agreed to construct a commercial building on St. Charles Avenue. During the project, a number of disputes developed between DiGiovanni, Tiger Ho and other parties. On May 3, 2005, DiGiovanni filed a "Lien and Privilege Affidavit Statement of Claim" for $309,000.00.
On November 22, 2005, Tiger Ho filed a "Petition for a Writ of Mandamus and Rule to Show Cause" why DiGiovanni's lien should not be cancelled. Tiger Ho contended that DiGiovanni's lien should be cancelled because DiGiovanni's charter had been revoked by the Secretary of State for failure to file an annual report and therefore DiGiovanni had no legal right to file a claim because it no longer existed. In fact, in August of 2005, Tiger Ho incorporated another "DiGiovanni's Insulation & Refractory, Inc." On March 23, 2006, the trial court denied the relief requested by Tiger Ho and it is from that judgment that Tiger Ho now appeals.

DISCUSSION
On appeal, Tiger Ho raises the following assignments of error: 1) the trial court erred by finding that DiGiovanni's Insulation & Refractory, Inc. was a legal entity when the Statement of Claim was filed on May 3, 2005; and 2) the trial court erred by not canceling the Statement of Claim recorded at MOB 3864, page 09 under Instrument No. 816396.
The position taken by Tiger Ho in this case simply has no merit. Both the statutory law and jurisprudence of this state make it clear that while a corporation's charter may be revoked, the corporation does not cease to exist even when another entity attempts to usurp its name. See Baltazor v. Walden, 459 So.2d 711 (La.App. 4 Cir.1984). Furthermore, it is clear that actions by or against a dissolved corporation do not abate, even after dissolution. River Cities Construction Co., Inc. v. Barnard & Burk, Inc., 413 So.2d 666 (La.App. 1 Cir.1982). Therefore, DiGiovanni had the right to file its lien against Tiger Ho and the lien should not be cancelled. Accordingly, we find no error in the trial court's judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] DiGiovanni's Insulation & Refractory, Inc. was incorporated under the laws of the State of Louisiana in 1987 by Emile DiGiovanni. Mr. DiGiovanni and his wife, Janet DiGiovanni, have been the sole owners, officers and directors of DiGiovanni since its inception.