540 So.2d 530 (1989)
BRUNSON BONDING & INSURANCE AGENCY, INC.
v.
ELM, INC.
No. CW 88 1494.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
Writ Denied April 21, 1989.
*531 Stephen C. Poss, Boohaker and Austin, Baton Rouge, for appellant-plaintiff.
Samuel C. Cashio, Maringouin, for appellee-defendant ELM, Inc., and Ann Bonaventure.
Michael G. Lemoine, Roy, Carmouche, Bivins, Judice, Henke & Breaud, Lafayette, for defendants-appellees, and Ann Bonaventure.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Plaintiff-Appellant, Brunson Bonding and Insurance Agency, Inc. (hereinafter referred to as "Brunson Bonding"), was granted a Writ of Certiorari to obtain review of the trial court ruling denying its "Motion to Substitute Party Defendant." The issue presented to this court for determination concerns whether the shareholders of a corporation become personally liable for a corporate debt on which suit has been filed against the corporation when the corporation is subsequently dissolved by affidavit under the provisions of La.R.S. 12:142.1.
Brunson Bonding filed suit against E.L. M. Enterprises, Inc.[1] (hereinafter referred to as "E.L.M.") in August of 1986, alleging that it secured and advanced premiums for insurance coverage on behalf of the corporate defendant. E.L.M. answered the lawsuit denying the allegations.[2] Subsequently, the shareholders of E.L.M., Ann Duhon Bonaventure and Oliver Parker, dissolved the corporation by affidavit on September 28, 1987, complying with the procedural requirements of La.R.S. 12:142.1. Thereafter, Brunson Bonding filed a Motion to Substitute the shareholders[3] as party defendants. Following the trial court denial of its motion, Brunson Bonding sought a supervisory writ from this court which was granted on October 27, 1988.
The resolution of the issue presented on appeal depends on the interpretation of La. R.S. 12:142.1, which reads as follows:
In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
Appellees, herein, argue that La.R.S. 12:142.1 renders shareholders personally liable only for debts or claims against the corporation arising after dissolution, and not for debts or claims against the corporation existing at the time of the dissolution. We do not agree.
We find that the concluding sentence of La.R.S. 12:142.1 clearly imposes liability, after dissolution of the corporation under the statute, on the shareholders or incorporators "for any debts or claims, if any, against the corporation ..." (Emphasis added.) "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. To *532 restrictively interpret the statute as the appellee suggests, by limiting recovery against shareholders to only those debts or claims arising after dissolution, would require the court to abandon its judicial function and assume the legislative function, which it cannot do. See State v. Maestri, 199 La. 49, 5 So.2d 499 (1941).
Although the method of corporate dissolution set forth in this statute was intended to be used only in those instances where a corporation owes no debts, we believe the Legislature enacted the personal liability provision of the statute to cover those situations where unliquidated debts or unanticipated claims are presented after dissolution as well as to those instances where the statutory procedure is inappropriately used.[4] Since the dissolution process under this statute is considerably expedited, we believe the Legislature provided this extra protection for creditors of corporations to deter abuse of this relatively quick and simple dissolution process.[5]
We note that Appellee cites International Harvester Credit Corp. v. Seale, 509 So.2d 684 (La.App. 3d Cir.1987), modified, 518 So.2d 1039 (La.1988), in support of his argument that La.R.S. 12:142.1 renders the shareholder liable only for debts arising after dissolution of the corporation. The language Appellee refers to is as follows:
This method of corporate dissolution renders the affiants personally liable for any debts or claims which may subsequently arise against the dissolved corporation.
509 So.2d at 687. We do not find this language authoritative for several reasons. Initially we note that the language is dicta and not pertinent to the resolution of the dispute presented in that case. The Third Circuit found that the wife of the deceased shareholder was not liable for the corporate debt for which the shareholder had become responsible since it was not proven at trial that the debt was a community obligation. Further, the language used by the Third Circuit does not correspond to the factual situation presented in that case. While the court speaks of debts or claims which subsequently arise, the debt actually arose prior to the dissolution of the corporation.[6]
No jurisprudence could be found interpreting La.R.S. 12:142.1; consequently, the issue presented to this court is res nova. For the reasons stated herein, we find that La.R.S. 12:142.1 imposes shareholder liability after dissolution of the corporation under this statute for any debt or claim which could have been enforced against the corporation were it still in existence. Accordingly, the judgment of the trial court is reversed and the matter is remanded to the trial court for proceedings consistent with the foregoing, all costs of this appeal to be borne by the Appellee herein.
REVERSED AND REMANDED.
NOTES
[1] The original petition was amended August 26, 1986, changing the named defendant from ELM, Inc. to E.L.M. Enterprises, Inc.
[2] The original answer of E.L.M. was filed on October 23, 1986, followed by an amended answer filed on March 4, 1987.
[3] Brunson Bonding prayed in its motion that Ann Duhon Bonaventure, Oliver Parker and Samuel C. Cashio, as shareholders of E.L.M., be substituted as party defendants. However, on appeal, Brunson Bonding has not cited as error that portion of the trial court judgment denying the substitution of Samuel C. Cashio as a defendant.
[4] We recognize in some instances a creditor may be protected by other provisions of Title 12; such as, under La.R.S. 12:148(C) which extends corporate existence after dissolution for the purpose of any action or suit commenced timely against it, and under La.R.S. 12:93(D) which renders a shareholder liable to creditors of the corporation to the amount of unlawful distribution received. However, the personal liability provision of La.R.S. 12:142.1 is not inconsistent with these other provisions, it merely provides additional protection to creditors.
[5] By its provisions, La.R.S. 12:142.1 does not require publication of a notice of dissolution or the appointment of a liquidator as required by La.R.S. 12:142.
[6] The corporation was dissolved on October 11, 1983, while the overpayment the creditor sought to recover was made on September 26, 1983.