597 So.2d 160 (1992)
In re REINSTATEMENT OF NORTH LOUISIANA WELL SERVICING COMPANY, INC. and Concrete Products of North Caddo, Inc.
Dewey WILLIAMS, et al., Plaintiffs-Appellants,
v.
ZURICH INSURANCE COMPANY, et al., Defendants-Appellees.
No. 23354-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
*161 John M. Robinson, Springhill, for appellants.
McConnell & Slattery, by John B. Slattery, Jr., Springhill, for appellees.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Chief Judge.
We affirm a judgment that rejected the demands of a father and son to have the trial court order the secretary of state to "reinstate" two of their corporations which they dissolved by affidavit in 1989 and 1990. LRS 12:142.1.
When each corporation was dissolved an action for past due w.c. insurance premiums was pending against it and its principal shareholders, the father and son. Corporate existence continued after dissolution to allow pending litigation against the corporation to be concluded. LRS 12:148C. LRS 12:142.1 imposes personal liability for corporate debts on shareholders who dissolve a corporation by affidavit.
After dissolution, the pending litigation, instituted in 1984, resulted in money judgments being rendered against both corporations (totaling about $120,000) in October 1990. The father and son thereafter filed the reinstatement action against the defendant-insurers, who were plaintiffs in the actions for premiums owed and then became judgment creditors of the dissolved corporations.
The father and son contend the trial court was clearly wrong in concluding that their only purpose for seeking to reinstate the corporations was to avoid their § 142.1-imposed personal liability for the corporate debts. They emphasize that they were not cast in judgment with the corporations and contend, in any event, that the judgment creditors are protected by § 148C because corporate existence continues after dissolution for the purpose of concluding pending litigation.
We cannot conclude, on this record, that the trial court erred, factually or legally, in denying reinstatement.

LAW
Under § 142.1A, a corporation may be dissolved by affidavit of the shareholders if it "is not doing business and owes no debts.... Thereafter, the shareholders... shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation." Subsection B, added in 1989, allows reinstatement of a dissolved corporation by a court order directed to the secretary of state.
The personal liability incurred by the shareholders under § 142.1 applies to claims pending against the corporation at the time of dissolution, as well as claims arising thereafter. Section 142.1 is not superseded by, but rather supplements, § 148C, by giving corporate creditors "extra protection ... to deter abuse" of the expedited process for dissolution by affidavit. Brunson Bonding & Ins. v. ELM, Inc., 540 So.2d 530, 532 (La.App. 1st Cir. 1989), writ denied.

FACTS
The shares in the respective corporations, North Louisiana Well Servicing Co., Inc., and Concrete Products of North Caddo, Inc., were owned by appellants, Dewey and Kenneth Williams, the father and son, who signed the dissolution affidavits certifying that each respective corporation "is no longer doing business [and] owes no debts." Dewey Williams testified at trial of the reinstatement action. His son did not.
*162 Dewey Williams said the corporations were dissolved at the suggestion of his CPA to avoid having to file annual reports and pay filing fees "after we weren't doing any business in these corporations for a year or two." Williams said he did not read the affidavits before signing them and did not intend to defraud any creditors. Williams knew when he signed the affidavits that the suits against the corporations and him and his son, individually, for about $120,000 in insurance premiums had been filed "back in '84." Williams said he did not consult the attorney who was defending the suits about the legal consequences of dissolving the corporations.
Williams claimed he wanted to have the corporations reinstated because "they still have some business to do. Got some things to take care of." Williams did not explain what corporate "business" or "things" remained "to take care of" after dissolution.
Williams initially said that "there may be" some assets remaining in the corporate names, but when faced with deeds and bills of sale showing that both corporations sold substantial amounts of land and equipment from 1987-1990, Williams admitted that the assets of both corporations had been "either sold or junked out" before the judgments against the corporations were rendered.
The corporate creditors introduced minutes of the meeting of the House Commerce Committee explaining that the purpose of the 1989 amendment to § 142.1 [which added Subsection B to allow reinstatement of a dissolved corporation when directed by a court order] was intended to avoid "a situation whereby a corporation was dissolved and realized that it was still holding land but, because of the dissolution, it could not sell the land."
The trial court found that
... both corporations were [dissolved] by affidavit properly executed and signed, the effect of which was to make the shareholders personally liable for any debts or claims against the corporation. It appeared to the court that [Dewey Williams] was merely attempting to re-establish the corporation to escape the personal liability that he had subjected himself to ... however there's nothing in the law or jurisprudence which would indicate that the mere reinstatement of the corporation would free the shareholders of this liability and this court doesn't think that that was ever the intent of the legislature. Additionally, evidence presented at trial failed to establish any lawful purpose for reinstatement. Therefore, the ... request for reinstatement is denied.

RESOLUTION
Williams' conclusionary reference to corporate "business" and "things" to "take care of" does not establish the practical or lawful necessity for ordering the corporations to be reinstated over the protest of corporate creditors. The trial court's conclusion in this respect is not clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The shareholders argue that the claims of the corporate creditors against them individually were fully litigated and rejected in the judgments that were rendered against only their corporations, and that it would "thwart the intended result" of those judgments "to give [the creditors] the additional `boon' of personal liability of the shareholders."
We cannot and do not determine from the record in this appeal the effect of the judgments in the actions for insurance premiums owed or the effect of LRS 12:142.1 on those judgments. Those issues may arise in a later action between these litigants, but are not squarely presented here.
We simply find no error in the trial court's judgment denying reinstatement of the dissolved corporations.

DECREE
At appellants' cost, the judgment is AFFIRMED.