I2CARTER, Judge.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the result reached by the trial judge in his written reasons for judgment, a copy of which is attached hereto as “Appendix A.” Louisiana Revised Statute 12:142.1 provides for the voluntary dissolution of a corporation by affidavit and reads as follows:
A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
Appellant contends that where a corporation is dissolved by affidavit, a creditor is entitled to collect personally from the incor-porators only an amount not exceeding the value of the liquid assets of the corporation at the time of the dissolution. We disagree.
The clear language of LSA-R.S. 12:142.1 provides no limitation as to the amount of a corporate debt for which an incorporator is personally liable. The only limitation is the proportion to which an incorporator may be liable for the debt, which liability is in proportion to the share of ownership in the corporation. Thus, each incorporator is liable for his virile share of any debt, and there is no limitation as to the amount for which the incorporators are personally liable. The defendants in the case sub judice are personally liable to the full extent of any outstanding debt. See Brunson Bonding & Insurance Agency, Inc. v. ELM, Inc., 540 So.2d 530, 531-32 (La.App. 1st Cir.), writ denied, 541 So.2d 902 (La.1989).
Accordingly, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.
*1134 13“APPENDIX A”
Jimmy L. Morre
Versus
Nathaniel Robertson, et al.
Number 9402-1592 Div.“A”
Baton Rouge City Court
Parish of East Baton Rouge
State of Louisiana

WRITTEN REASONS FOR JUDGMENT

Judgment is rendered in favor of the Plaintiff, Jimmy L. Moore and against the defendants, Nathaniel Robertson, Shirley Blakes Robertson, Chaney Robertson and Yolanda K. Robertson at defendants’ cost for the following reasons:
Petitioner filed a complaint under the Louisiana Small Claims Act in this Honorable Court against Natco for a breach of contract, January 8, 1993. On May 27, 1993, petitioner obtained an Arbitration Award in the amount of $1,149.97, plus legal interest and court costs, against the corporation. The Judgment confirming the Arbitrator’s Award was signed by this court on July 26, 1993.
Defendants signed an Affidavit To Dissolve Corporation pursuant to La.R.S. 12:142.1 and 12:25.1, December 29, 1993, dissolving Natco. In the document, defendants declared that they were the incorporators of the corporation and that no shares had been issued. Defendants further swore that the corporation owed no debts.

LAW

Under 142.1 A, a corporation may be dissolved by affidavit of the shareholders if it “is not doing business and owes no debts.... Thereafter, the shareholders ... shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.”
The personal liability incurred by the shareholders under 142.1 applies to claims pending against the corporation at the time of dissolution, as well as claims arising thereafter. Section 142.1 is not superseded by, but rather supplements, 148 C, by giving corporate creditors “extra protection ... to deter abuse” of the expedited process for dissolution by affidavit. Brunson Bonding & Insurance Agency, Inc. v. ELM, Inc., 540 So.2d 530, 532 (La.App. 1st Cir.1989), wilt denied.
The defendants failed to conduct business on a corporate footing, which resulted in the corporation becoming indistinguishable from defendant Nathaniel Robertson, who dominated the corporation to the extent the corporation became his alter ego. The corporation was undercapitalized. Defendants failed to follow statutory formalities required Lfor transacting corporate affairs in that no annual report was filed with the Secretary of State for the years 1992 and 1993; and defendants failed to hold regular board of director meetings.

CONCLUSION

After careful consideration of the law, as well as the evidence presented and the testimony adduced at trial, the Court finds that:
Defendants are liable under law as set forth in the Court’s previously signed Judgment.
Baton Rouge, Louisiana, this 13th day of June, 1996.
/s/ Byron Stringer
JUDGE, DIVISION “A”