RWEIMER, J.
The question before us is whether the trial court’s ex parte order to retroactively reinstate the corporate status of Venture Associates, Inc. of Louisiana (Venture) pursuant to LSA-R.S. 12:142.1(B) was proper as a matter of law when there was no evidence introduced.[2] The matter is suspensively appealed by Gulfland Insurance Services, Inc.; Doug Tracy; Brous-sard, Bush, Blumber & Hurst (Doroco Inc.); and Don Broussard (collectively, “Appellants”).[3]
Venture initiated this matter in the Parish of St. Mary on January 12, 2000, by filing a written “Motion[4] for Reinstatement of Corporate Status” and the following attachments:[5] A) “Articles of Incorporation of Venture Associates, Inc. of Louisiana” dated June 3, 1987; B) “Affidavit to Dissolve Corporation” dated August 11, 1993; C) an annual report of the corporation for 1993 showing the address as “Amelia, St. Mary Parish, Louisiana”; D) a “Petition for Declaratory Judgment” and “Amending Petition” filed by Venture in Iberia Parish, Louisiana, with attachments; E) a “Receipt and Release” of some of the parties in the declaratory judgment; and F) an “Order” of the district court for the Parish of Iberia in the declaratory judgment action granting the exceptions of no right of action filed against Venture, dated January 7, 2000. The motion was submitted ex parte and no evidence was submitted in support of the motion.
|3On January 12, 2000, the district court judge for the Sixteenth Judicial District Court, St. Mary Parish signed an “Order” which reads as follows: “CONSIDERING THE FOREGOING, the Louisiana Secretary of State is hereby ordered, pursuant to La.R.S. 12:142.1B, to reinstate the corporate status of Venture Associates, Inc. of Louisiana, retroactive to August 11, 1993, the date of its dissolution by affidavit upon receipt of this Order and a check in the appropriate amount for reinstatement.”
*652 BACKGROUND
The following facts are undisputed.[6]
Venture was incorporated June 3, 1987. Thereafter, several of its employees filed Jones Act claims. On May 18, 1989, Venture filed a declaratory action in Iberia Parish for determination of the issue of insurance coverage, and amended its petition to name Appellants as defendants in 1992. After entering into a Mary Carter agreement with certain insurance entities, Venture continued to pursue its case against Appellants.
On August 11, 1993, Venture’s two shareholders, Edward 0. Daigle, Jr. and Robert Harrington, filed an affidavit to dissolve the corporation pursuant to LSA-12:142.1(A). Subsequently, Appellants determined Venture had been dissolved and filed exceptions of no right of action. On January 7, 2000, the district court for Iberia Parish granted Appellants’ exceptions of no right of action based on proof of Venture’s dissolution.
DISCUSSION
Appellants assign as error the trial court’s granting of the ex parte motion for retroactive reinstatement of Venture in light of Venture’s failure to present evidence in support of its motion. Venture’s stockholders initiated this matter in St. Mary Parish by filing a written motion pursuant to LSA-C.C.P. art. 961.[7] Venture argues LSA-C.C.P. art. |4963 is authority for the granting of its motion ex parte under the facts presented in this case. We disagree.
Louisiana Code of Civil Procedure article 963 provides:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion. (Emphasis added.)
We must evaluate the statute at the crux of this matter, LSA-R.S. 12:142.1, to determine if the ex parte order is one to which the mover is “clearly entitled.” Cf. Burford v. Burford, 95-2318, p. 4 (La.App. 1 Cir. 6/28/96), 677 So.2d 722, 724.
Louisiana Revised Statute 12:142.1 provides:
Dissolution by affidavit
A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in propor *653 tion to their ownership in the shares of the corporation. ■
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
We note LSA-R.S. 12:142.1 is silent, not only as to the need for supporting evidence, but more importantly, as to the stockholders’ right to procure a retroactive reinstatement.[8] The statute neither denies nor grants retroactive effect to the reinstatement. Thus, there is no statutory support for or against Venture’s entitlement to the ex parte order for retroactive reinstatement.
We consider now whether there is any jurisprudential authority which authorizes or prohibits the ex parte order of reinstatement retroactively. In support of their |Barguments on appeal, both sides' have cited jurisprudence interpreting LSA-R.S. 12:142.1. We have reviewed the sparse jurisprudence on the subject and find nothing that would be controlling in the factual and convoluted procedural posture we encounter in the instant case.
In Brunson Bonding & Insurance Agency, Inc. v. ELM, Inc., 540 So.2d 530, (La.App. 1 Cir.), writ denied, 541 So.2d 902 (1989), this court, interpreting LSA-R.S. 12:142.1(A), held the provision imposed shareholder liability after dissolution of the corporation for a corporate debt upon which suit had been filed against the corporation prior to dissolution. Brunson did not involve a reinstatement.
Brunson was followed by Moore v. Robertson, 96-2222 (La.App. 1 Cir. 9/19/97), 699 So.2d 1133, writ denied, 97-2621 (1/9/98), 705 So.2d 1102, in which this court held the clear language of LSA-R.S. 12:142.1(A) provides no limitation as to the amount of a corporate debt for which an incorporator is personally liable. Moore did not involve a reinstatement.
The Court of Appeal, Second Circuit addressed the shareholders’ right to a court order in In re Reinstatement of North Louisiana Well Servicing Company, Inc. v. Zurich Insurance Company, 597 So.2d 160 (La.App. 2 Cir.1992). Shareholders sought to have two dissolved corporations reinstated. However, when each corporation was dissolved, an action for past due insurance premiums allegedly owed by the corporations was pending. The court held that corporate existence continued after dissolution to allow pending litigation against the corporations to be concluded pursuant to LSA-R.S. 12:148(C).[9] The court cited Brunson for the conclusion that LSA-R.S. 12:142.1, which imposed personal liability on the shareholders after dissolution, supplemented rather than superseded LSA-R.S. 12:148(C), giving the ‘ corporate creditors extra protection to deter abuse. Id. at 161. The second circuit affirmed the denial of the shareholders’ motion for reinstatement. The significance here of this | ^second circuit case is that there was a trial of the reinstatement action at which one of the stockholders testified.
The Court of Appeal, Fifth Circuit considered motions for reinstatement in two recent cases. In In re Islander Ship- *654 holding, Inc., 97-978 (La.App. 5 Cir. 4/15/98), 715 So.2d 7, a corporate entity was dissolved during the pendency of arbitration proceedings it had provoked. The corporate entity was dissolved by a liquidator pursuant to LSA-R.S. 12:142 and 142.1. At the time of liquidation, the corporation had no debts. The petition for reinstatement was filed because the liquidator either ignored or was unaware that the corporation had a claim pending in arbitration. When Islander’s opponent in the arbitration proceeding, Gulfcoast Transit Company, filed a petition to vacate the arbitration award and to substitute Islander’s sole shareholder, Pacific-Gulf Marine, Inc., as the real party in interest based on the dissolution, Pacific-Gulf filed a petition in the state district court to reinstate Islander’s corporate status retroactive to the date of dissolution, on the ground that reinstatement would facilitate the arbitration proceedings. After the order for reinstatement was granted ex parte, Gulfcoast intervened in the reinstatement proceeding and filed a petition to recall the order. Thereafter, Islander’s and Pacific-Gulfs president and counsel testified at a hearing. Considering the record of the evidence adduced, the appellate court held the trial court correctly restored the corporate status, returning the parties to the status quo existing at the time the arbitration proceeding was instituted. The significance of Islander is that the order for retroactive reinstatement, although granted ex parte, | .¡withstood attack by the intervener only after a full evidentia-ry hearing. In contrast, in this matter Venture presented no evidence to the district court showing entitlement to retroactive reinstatement.
In Airline Skate Center, Inc. v. Cieutat, 99-525 (La.App. 5 Cir. 12/21/99), 759 So.2d 813, writ denied, 2000-1210 (6/2/00), 763 So.2d 606, the defendants dissolved their corporation without appointing a liquidator, knowing a debt to Airline existed. They subsequently reinstated the corporation after suit was filed to hold them personally responsible. The fifth circuit distinguished Islander and held that the dissolution and reinstatement of the corporation did not preclude the personal liability of the shareholders for the pre-existing debt. The case did not involve the issue of whether evidence must be submitted in support of a motion for retroactive reinstatement.
Regarding the right of shareholders to a retroactive reinstatement of corporate status pursuant to LSA-R.S. 12:142.1(B), the Court of Appeal, Fourth Circuit reached a result that differs from the result reached in Islander. In Robertson v. Weinmann, 2000-0799, 2000-0800 (La.App. 4 Cir. 2/21/01), 782 So.2d 38, 2001 WL 263300, the court held that reinstatement of a corporation dissolved by affidavit pursuant to LSA-R.S. 12:142.1 could not be given retroactive effect. The court reasoned that because LSA-R.S. 12:142.1(B) is silent as to whether reinstatement of a corporation under the statute is to be given retroactive effect, reinstatement under that statute should be given prospective effect only. In Robertson, the court quoted extensively from a previous case, Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 2/25/94), 635 So.2d 1158, writ denied, 94-1508 (9/23/94), 642 So.2d 1296, holding a corporation with outstanding claims or obligations should have been dissolved through voluntary liquidation with the appointment of a liquidator.
Although the results reached by the fourth circuit and the fifth circuit differ, we note an important distinction between the cases. In Islander, retroactive reinstatement was allowed for the corporation to pursue an action that was pending at the time of dissolution; in Robertson and *655 Gendusa, the claims of the corporations Iswere merely inchoate claims at the time of the dissolutions. Although the instant case is similar to, Islander in that there was a pending action by Venture at the time of its dissolution by affidavit, we are unable to address the issue of the propriety of a retroactive reinstatement because the reinstatement order was granted ex parte. There is no record to support arguments for or against retroactivity. In light of the attachments to Venture’s motion, the trial court was made aware of the controversy that existed concerning the dissolution and potential retroactive reinstatement of Venture, which matters showed that Venture was not dearly entitled to the ex parte order for retroactive reinstatement of its corporate status. See Succession of Miller, 432 So.2d 1043 (La.App. 1 Cir.1983) (requirement of supporting proof was demonstrated by material attached to motion).[10]
Our examination of the jurisprudence interpreting LSA-R.S. 12:142.1(B) and related statutory provisions reveals there is no jurisprudential support for the proposition that Venture was “clearly entitled” to the ex parte order of retroactive reinstatement issued herein. LSA-C.C.P. art. 963. Because there was an adversary interest disclosed in the pleadings in this matter, an evidentiary hearing should have been held. Although there may be instances where retroactive reinstatement of a corporation can be granted ex parte, the facts of this case preclude such. Based on the facts of this case, absent an evidentiary hearing concerning the propriety of retroactive | reinstatement, it is impossible for this reviewing court.to ascertain whether the trial court erred in issuing the order for retroactive reinstatement.
CONCLUSION
Having found the record before us devoid of any evidence to support the ex parte retroactive reinstatement of the corporate status of Venture Associates, Inc. of Louisiana, we vacate the order and remand the matter for further proceedings consistent with this opinion. The parties are to bear their own costs on appeal.
ORDER VACATED: MATTER REMANDED.

. We do not address prospective reinstatement as that issue is not before us in this appeal.

. In the instant case, Appellants maintain they have a right to appeal because they could have intervened in the proceedings below had they had timely knowledge of the proceedings. We agree. "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” LSA-C.C.P. art. 2086. "A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action....” LSA-C.C.P. art. 1091.

. Louisiana Code of Civil Procedure article 961 provides: “An application to the court for an order, if not presented in some other pleading, shall be by motion which, unless made during trial or hearing or in open court, shall be in writing.” The written motion must comply with the requirements of form applicable to other pleadings and must be signed by the mover or counsel for the mover. LSA-C.C.P art. 962.

. Louisiana Code of Civil Procedure article 853, entitled "Caption of pleadings; adoption by reference; exhibits" provides in pertinent part: "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.”

. These facts are gleaned from a memorandum attached to the motion and order submitted for the court’s consideration. We state the undisputed facts to provide background information concerning this proceeding. However, facts referred to solely in the arguments of counsel, in brief or otherwise, are not considered record evidence. Thomas v. Connolly, 31,447, p. 3 (La.App. 2 Cir. 1/20/99), 726 So.2d 1052, 1054.

. We are not called upon to, nor do we, express an opinion as to whether this matter should have been initiated by motion or petition. Clearly, a written pleading is required.

. It is respectfully suggested the legislature should address the issue of when, how, and under what circumstances a corporation can be retroactively reinstated.

. Louisiana Revised Statutes 12:148(C) provides: "Upon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.”

. Parenthetically, another similarity between Islander and the instant case is that the challenges to the effect of corporate reinstatement were germane to pending actions not in the forum that issued the order for retroactive reinstatement. In Islander, the fifth circuit noted that Gulfcoast's exceptions were actually objections to the continuing presence of Islander in the arbitration proceeding. The court stated the corporate reinstatement proceeding was not the appropriate forum in which to raise that objection; rather the issue was to be determined in the arbitration proceeding itself. In the instant case, the pending action which prompted Venture to seek reinstatement is in another parish of the Sixteenth Judicial District Court (Iberia), which happens to be in another appellate court circuit (the third circuit). The issue of the Appellants' exception of no right of action in the Iberia Parish lawsuit is not before us, but if it were, we would be bound by first circuit decisions directly on point. See River Cities Construction Company, Inc. v. Barnard & Burk, Inc., 413 So.2d 666, 668 (La.App. 1 Cir. 1982) (although the exception of no right of action should have been maintained as to the dissolved corporation, pursuant to LSA-R.S. 12:148(C) the actions by or against the dissolved corporation did not abate; a delay was granted for the qualification of a proper legal successor to the dissolved corporation and substitution of the successor as a party plaintiff in the pending action.) See also, Brunson, 540 So.2d at 532, n. 4 (effect given to the provisions of LSA-R.S. 12:148(C), regardless of the provisions of LSA-R.S. 12:142.1(A).)