| .CARTER, C.J.
The issue on appeal is whether the shareholders of a corporation dissolved by affidavit pursuant to LSA-R.S. 12:142.1 may have the corporate status retroactively reinstated for the sole purpose of maintaining a lawsuit that was filed by the corporation before the dissolution.
FACTUAL AND PROCEDURAL HISTORY[1]
Venture Associates, Inc. of Louisiana (Venture) was incorporated in St. Mary Parish, Louisiana in 1987 under the provisions of the Louisiana Business Corporation Law.[2] Venture had two shareholders, Mr. Edward 0. Daigle, Jr. and Mr. Robert Harrington. In 1989, Venture filed a declaratory action in another jurisdiction (the Iberia Parish case) against certain insurers for determination of insurance coverage issues that had arisen in some claims filed by injured Venture employees. In 1992, Venture amended the Iberia Parish case to add more defendants, the appellants in the case sub judice[3] Venture continued to actively pursue the Iberia Parish case against the appellants after reaching a settlement with the original defendants in May 1993.
| .On August 11, 1993, Venture’s two shareholders filed an affidavit to dissolve the corporation pursuant to LSA-R.S. 12:142.1 A.[4] The Iberia Parish case continued for seven years until the appellants discovered proof of the dissolution and filed exceptions raising the objection of no right of action in the Iberia Parish case. The trial court for the Iberia Parish case granted the appellants’ exceptions on January 7, 2000. Less than a week later, Venture filed an ex parte motion for retroactive reinstatement of corporate status in St. Mary Parish, which was granted by the trial court on January 12, 2000. The appellants appealed the ex parte retroactive reinstatement of Venture, and this court vacated the order of reinstatement and remanded the case for an evidentiary hearing on the propriety of the retroactive reinstatement. See In re Reinstatement of Venture Associates, Inc. of Louisiana, 00-0711 (La.App. 1 Cir. 5/11/01), 808 So.2d *500 650, 655, (hereafter referred to as Venture I■)
Two years later, Venture filed a new motion for reinstatement of its corporate status in St. Mary Parish. An evidentiary hearing was held on October 14, 2003, with documentary evidence introduced and testimony provided by one of Venture’s shareholders, Mr. Harrington. After taking the matter under advisement, the trial court issued written reasons for judgment granting Venture’s reinstatement, retroactive to the date of its dissolution by affidavit. The trial court made special note of the fact that Venture’s shareholders did not appear to be seeking to avoid personal liability, but only | intended to maintain the Iberia Parish case that Venture had begun several years prior to the dissolution. The trial court signed the judgment on December 5, 2003. It is from this judgment that the appellants suspensively appeal.

LAW AND ANALYSIS

The Louisiana Business Corporation Law (LB CL) authorizes two methods for voluntarily dissolving a corporation out-of-court: (1) by action of the corporation pursuant to LSA-R.S. 12:142, with the appointment of a liquidator; or (2) by affidavit executed by the shareholders pursuant to LSA-R.S. 12:142.1, when the corporation is not doing business and has no debts. This case involves the simplest and most convenient method of voluntary corporate dissolution — -by affidavit.
Louisiana Revised Statute 12:142.1 provides:
Dissolution by affidavit
A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
(Emphasis added.)
Unfortunately, the statute providing for dissolution by affidavit is silent regarding several pertinent issues: whether all of the shareholders are required to execute the affidavit attesting to the cessation of corporate business and the lack of corporate debts; what supporting evidence is ^necessary and/or sufficient in order for a court to reinstate corporate status; and if a reinstatement is ordered, whether a corporation is entitled to have the reinstatement declared to be retroactive.[5] See Venture I, 808 So.2d at 653.
The validity of the reinstatement must be addressed before we reach the issue of retroactivity. The appellants contend that the trial court erred in finding sufficient evidence to allow Venture’s reinstatement. We disagree. Mr. Harrington testified at the evidentiary hearing *501 that the only reason Venture was seeking reinstatement was so that it could maintain the Iberia Parish case, which had been pending and had been actively pursued by Venture against the appellants since 1992, both before and after the effective date of Venture’s dissolution by affidavit. Mr. Harrington reiterated that there were no corporate debts, all creditors had been paid, there were no outstanding judgments against the corporation, and Venture was no longer in business. Mr. Harrington also testified that he never intended to waive the lawsuit against the appellants when Venture was dissolved. In fact, he stated that the lawsuit was ongoing at all times. No contradictory evidence was presented. Therefore, the question to be decided is whether the stated sole purpose of maintaining a lawsuit filed by a corporation prior to its dissolution by affidavit is sufficient for allowing reinstatement of corporate status.
The lone case providing guidance regarding the sufficiency of evidence for reinstatement after a dissolution by affidavit is In re Reinstatement of North Louisiana Well Servicing Co., Inc., 597 So.2d 160 (La.App. 2 Cir.1992). That case involved two corporations with a father and son as the shareholders. At the time that the corporations were dissolved by affidavit, there were pending lawsuits against the corporations and the shareholders, which led to money judgments against the corporations (but not the shareholders) after the corporations had been dissolved by affidavit. After the money judgments were rendered, the shareholders filed an action to reinstate the two corporations. The father testified at the trial of the reinstatement that when he signed the affidavits to dissolve the corporations, he was well aware of the pending actions against the corporations. The father claimed that he wanted to have the corporations reinstated because “they still have some business to do ... [and] some things to take care of.” Id. at 162. The trial court rejected the shareholder’s reasons for seeking reinstatement, finding that the dissolution by affidavit of the corporations automatically rendered the shareholders personally liable for any debts or claims against the corporations, and it “appeared to the court that [the father] was merely attempting to re-establish the corporation to escape the personal liability that he had subjected himself to.” Id. Thus, the trial court found that there was no “lawful purpose” for reinstatement. The appellate court affirmed the denial of the reinstatement, finding that the shareholder’s conclusory reference to “business” and “things” to “take care of’ did not establish a “practical or lawful necessity for ordering the corporations to be reinstated over the protest of corporate creditors.” Id.
Some distinctions exist in the case before us. For example, the pending lawsuit is not one that was filed against Venture, but rather was brought by Venture. Also, the pending lawsuit does not involve Venture’s shareholders as named party plaintiffs, and the lawsuit has not resulted in |7any money judgments to this date. Most importantly, Venture has no apparent corporate creditors that are protesting the reinstatement of its corporate status. Despite these distinctions, we find the reasoning outlined in North Louisiana Well to be helpful in our analysis.
We find that the desire to maintain a pending lawsuit in a corporation’s name is a valid and lawful purpose for ordering the reinstatement of a corporation. Although Venture’s shareholders had the option to qualify a proper legal successor/representative to the dissolved corporation, either by having a liquidator appointed or by substituting themselves individually as the proper party plaintiffs in the pending Ibe *502 ria Parish case, this was not done. Conceivably, this option is still available to the shareholders since pursuant to LSA-R.S. 12:148 C, actions by or against the dissolved corporation do not abate even though the corporate existence ceases as of the effective date of dissolution. See Venture I, 808 So.2d at 655, n. 10. Because Venture’s cause of action against the appellants did not end when Venture was dissolved, there is a practical and lawful purpose for reinstating Venture so that the pending cause of action can be maintained. Therefore, the trial court did not commit manifest error when it ordered reinstatement of Venture’s corporate status.
As for the next issue, whether the reinstatement was properly made retroactive to the date of dissolution, we feel compelled to note an important distinction between the case before us and recent jurisprudence out of the Louisiana Fourth Circuit Court of Appeal, holding that a reinstated corporation after dissolution by affidavit cannot file-claims existing before the dissolution if the shareholders knew that the claims existed before the corporation was dissolved. See Leader Buick, GMC Trucks, Inc. v. Weinmann, 02-2006 (La.App. 4 Cir. 2/19/03), 841 So.2d 34, 38; Robertson v. Weinmann, 00-0799 (La.App. 4 Cir. 2/21/01), 782 So.2d 38, 41-2; and Gendusa v. City of New Orleans, 93-1527 (La.App. 4 Cir. 2/25/94), 635 So.2d 1158, 1162-1163, writ denied, 94-1508 (La.9/23/94), 642 So.2d 1296. The distinguishing factor in the instant case is that the shareholders were not only aware of the existing claims against appellants before the corporation was dissolved by affidavit, but the corporation actually filed a lawsuit, preserving and maintaining the claims, before the dissolution. The lawsuit was pending both before and after the dissolution. Therefore, the fourth circuit jurisprudence is inapposite to the case before us.
In re Islander Shipholding, Inc., 97-978 (La.App. 5 Cir. 4/15/98), 715 So.2d 7, is another case we find pertinent to our discussion. In Islander, the corporation was dissolved during the pendency of arbitration proceedings that it had provoked prior to its dissolution. Meanwhile, the corporation continued to prepare for, and the sole shareholder participated in, the arbitration proceedings. It was not until an arbitration award was made that the other parties discovered that the corporation had been dissolved. Thereafter, in response to a petition to vacate the arbitration award and to substitute the shareholder as the real party in interest, the shareholder filed a petition to reinstate the corporate status retroactive to the date of the dissolution. The trial court granted the retroactive reinstatement. The appellate court affirmed, specifically holding that the sole shareholder of the dissolved corporation was entitled to pursue the arbitration claim that had been filed prior to the dissolution. Id. at 12.
Although Islander involves a corporation that was dissolved through both a liquidation process (pursuant to LSA-R.S. 12:142), and additionally, | flby affidavit (pursuant to LSA-R.S. 12:142.1), we believe this factual distinction is only relevant from the standpoint of whether the reinstatement was valid. The fifth circuit, tracked language in LSA-R.S. 12:148 to find that the corporate existence ceased at dissolution, but the liquidator still had the power to take all the action required to preserve the interests of the corporation, its creditors and shareholders. This is so, because the corporate existence continues “for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.” LSA-R.S. 12:148 C. The court in Islander also *503 noted that under LSA-R.S. 12:149 C, termination of a voluntary proceeding for dissolution is effective when the certifícate of dissolution is filed with the Secretary of State and, upon termination, the liquidator is divested of his powers, which revert to the directors, officers and shareholders. Id. at 11-12.
It follows that in the case sub judice, pursuant to LSA-R.S. 12:149 C, any powers and/or authority that would have been vested in a liquidator, had one been appointed, would have automatically reverted back to Venture’s shareholders at the time the affidavit of dissolution was filed with the Secretary of State. A liquidator (or the shareholders in this instance), as a legal representative of the corporation, has the power, authority, and duty to prosecute, defend, and terminate any pending litigation for the dissolved corporation. See LSA-R.S. 12:145 C; Islander, 715 So.2d at 11-12; and Levy v. Billeaud, 443 So.2d 539, 543 (La.1983).
Therefore, although Venture’s right of action may have ended when the corporation was dissolved by affidavit, the cause of action against the appellants survived because the lawsuit was pending prior to the effective date of the dissolution. One of two things must happen in order to maintain |inthe Iberia Parish case originally brought by Venture against the appellants. Either the proper party plaintiff must be substituted in the Iberia Parish case pursuant to LSA-C.G.P. arts. 692 and 700, or Venture’s corporate status must be retroactively reinstated so that Venture can maintain the lawsuit.[6] Because we have already found that the trial court did not err when it issued the order reinstating Venture’s corporate status, we likewise find that it was not error to order that the reinstatement be retroactive to the date of the dissolution.
For the foregoing reasons, the judgment is affirmed. Costs are assessed against the appellants, Gulfland Insurance Services, Inc.; Doug Tracy; Broussard, Bush, Blumberg & Hurst (Doroco, Inc.); and Don Broussard.
AFFIRMED.
McDONALD, J., concurs in the result.

. Many of these undisputed facts have been compiled from briefs and memoranda attached to pleadings, which are not considered record evidence. See In re Reinstatement of Venture Associates, Inc. of Louisiana, 00-0711 (La.App. 1 Cir. 5/11/01), 808 So.2d 650, 652 n. 6.

. Venture’s original domicile and principal place of business at the time of incorporation was in Iberia Parish; however, in 1993, a change was made to reflect that Venture's registered office was in Amelia, Louisiana in St. Mary Parish.

. Gulfland Insurance Services, Inc.; Doug Tracy; Broussard, Bush, Blumberg & Hurst (Doroco Inc.); and Don Broussard are collectively referred to throughout this opinion as "the appellants.” Another party to this appeal, Nichols, Pointing & Coulson, Ltd., is an intervenor who joins in and reiterates the arguments presented by Venture.

.Only one of the shareholders, Mr. Daigle, executed the affidavit; however, Mr. Harrington gave Mr. Daigle authority to handle corporate matters leading to the closing of Venture’s business. Both shareholders names are printed on the affidavit to dissolve the corporation. The Louisiana Secretary of State's records reflect that Venture’s corporate status was dissolved on August 13, 1993, pursuant to the affidavit. This fact is undisputed; therefore, we are not called upon to rule on whether the affidavit was properly executed and signed by the shareholders in this case.

. We again respectfully suggest, as we did in Venture I, that the legislature should address the points left silent in this particular statute.

. We are unaware of, and express no opinion as to, whether the Iberia Parish trial court should have allowed a delay for the qualification of a proper legal representative for the dissolved corporation when it granted appellants' peremptory exceptions raising the objection of no right of action.