# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-672


**JOSEPH AND BEVERLY BUTCHER**

**VERSUS**

**KEITH HEBERT CARPENTRY/VINYL SIDING, INC.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 74061
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion. Judges.


**WRIT GRANTED AND MADE PEREMPTORY**.


**James Isaac Funderburk**
**Funderburk & Herpin**
**P. O. Drawer 1030**
**Abbeville, LA 70511-1030**
**Telephone: (337) 893-8140**
**COUNSEL FOR:**
 **Plaintiffs/Respondents - Joseph Butcher and Beverly Butcher**

**Charles R. Sonnier**
**P. O. Drawer 700**
**Abbeville, LA 70511-0700**
**Telephone: (337) 893-5973**
**COUNSEL FOR:**
 **Defendant/Applicant - Keith Hebert**

**Gregory Paul Touchet**
**416 West Main Street**
**Lafayette, LA 70502**
**Telephone:  (337) 233-3075**
**COUNSEL FOR:**
        **Defendant/Respondent - Chad Langham**

**Cole J. Griffin**
**Sonnier Law Firm**
**P. O. Drawer 700**
**Abbeville, LA 70511-0700**
**(337) 237-1660**
**COUNSEL FOR:**
        **Defendant/Applicant - Keith Hebert**

**THIBODEAUX, CHIEF JUDGE.**

The defendant-applicant, Keith Hebert (Hebert), filed a motion in the trial court to have his corporation, Keith Hebert Carpentry/Vinyl Siding, Inc. (the Corporation), reinstated to active status for the purpose of resolving ongoing litigation. The Corporation had been dissolved by Hebert, in accordance with the affidavit procedure set forth in La.R.S. 12:142.1, while a lawsuit against the Corporation and the Corporation's compulsory, reconventional demand were pending in the trial court. The trial court denied the motion and Hebert now seeks supervisory review of the trial court's ruling. We find that the reinstatement of the Corporation for the purpose of maintaining its pending litigation, which was instituted prior to the Corporation's voluntary dissolution, is a sufficient justification for reinstatement. Therefore, we reverse and direct the trial court to issue an order directing the Secretary of State to reinstate the Corporation.

## I.

## ISSUE

Did the trial court err in denying Hebert's request to reinstate his corporation for the sole purpose of prosecuting the corporation's unresolved claims that were instituted prior to the corporation's voluntary dissolution?

## II.

## FACTUAL BACKGROUND

On February 25, 2000, Joseph and Beverly Butcher sued the Corporation for damages arising out of the construction of their home. The Corporation responded by filing a reconventional demand against the Butchers, alleging breach of contract. Although the litigation had not yet been resolved, on March 13, 2001,

Hebert dissolved the Corporation by affidavit, pursuant to the summary procedure permitted by La.R.S. 12:142.1.

On December 13, 2005, four years after the dissolution, the Butchers amended their suit and added Hebert, individually, as a defendant in the pending litigation. Shortly thereafter, on January 2, 2006, the Corporation, and later, Hebert, filed a motion to have the Corporation reinstated.[1] He claimed that the reinstatement was needed so that the Corporation could maintain its pending lawsuit in its name. He further explained that the act of voluntarily dissolving the Corporation prior to resolution of the litigation was an "inadvertent" act carried out due to "the ill advice of the Corporation's CPA." After a contradictory hearing on the motion, the trial court denied the motion, finding that Hebert was impermissibly seeking the reinstatement of the Corporation to avoid the potential for personal liability in the pending action.

We consider this application for supervisory review to address the issue of whether the trial court erred in failing to recognize that the Corporation's desire to maintain its litigation, that was filed before the dissolution occurred, is a lawful and valid business purpose that warrants the reinstatement of the Corporation to active status.

III.

**LAW AND ARGUMENT**

The Louisiana Business Corporation Law (LBCL) provides for the voluntary or involuntary dissolution of corporations. La.R.S. 12:141. This case involves the voluntary dissolution of a corporation. There are two procedures

---

[1]The Motion to Reinstate the Identity of the Corporation was filed on January 2, 2006, by the Corporation, but was amended on March 23, 2006, to reflect Hebert as the moving party.

available for the voluntary dissolution of a corporation. La.R.S. 12:142; La.R.S. 12:142.1. Section 142(A) authorizes the commencement of voluntary dissolution of a corporation by authorization of the majority of the shareholders or, if there are no shareholders, by all of the incorporators. Section 142.1 allows for dissolution by affidavit. This is the simplest dissolution procedure, requiring only an attestation in the form of an affidavit by the shareholders or incorporator, stating that the corporation is no longer doing business and owes no debts, and requesting that the corporation be dissolved. The statute specifically states:

### § 142.1.   Dissolution by affidavit

A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.

B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.

La.R.S. 12:142.1.

The statute clearly imposes personal liability on a shareholder or incorporator for the pending claims of corporation once dissolution by affidavit has occurred. *Id; see also, In re Reinstatement of North La. Well Serv. Co., Inc.* 597 So.2d 160 (La.App. 2 Cir. 1992). The statute also clearly states that the court may order reinstatement of a corporation after dissolution. *Id.* However, the legislature has failed to offer any guidance to the courts as to what evidence is necessary or sufficient for a court to order the reinstatement, and has not provided any language

3

addressing the subsequent effects, if any, of corporate reinstatement on La.R.S. 12:142.1(A)'s automatic imposition of personal liability.

In this case, Hebert contends that the facts urged in support of the reinstatement of his Corporation's status are the same as those that were accepted as a valid basis for reinstatement by the first circuit in *In re Reinstatement of Venture Associates, Inc. of La.*, 04-439 (La.App. 1 Cir. 2/11/05), 906 So.2d 498. In *Venture*, the first circuit affirmed the trial court's decision to order reinstatement of a corporation that had been voluntarily dissolved by affidavit by its shareholders. *Id*. The court found that the shareholders' subsequent desire to maintain a lawsuit that had been filed by the corporation prior to the dissolution was a valid and lawful purpose for ordering reinstatement. *Id*. The *Venture* court reasoned that because La.R.S. 12:148(C)[2] states that actions by or against dissolved corporations do not abate even though the corporate existence ceases as of the effective date of the dissolution, Venture's pending lawsuit did not end when it was dissolved; therefore, "a practical and lawful purpose" for reinstating its corporate status existed—the maintenance of the pending cause of action. *Id*.

The Butchers, on the other hand, opposed the reinstatement at trial, arguing that Hebert's sole purpose for seeking the reinstatement—to complete the pending litigation—was an insufficient basis for the corporation's reinstatement because it would allow him to avoid personal liability for the Corporation's debts that

---

[2]**§ 148. Certificate of dissolution; assets omitted from liquidation; post-dissolution proceedings**

. . . .

C. Upon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced thereto by, or commenced timely against, the corporation.

4

attached to him when the Corporation was dissolved, as is mandated by La.R.S. 12:142.1(A). On appeal, they now concede that reinstatement of the corporate status of the business, for the purpose of completing the pending litigation, may be lawful under the circumstances. However, relying on La.R.S. 12:142.1(A), the Butchers contend that even if the Corporation's status is reinstated for that purpose, this court should recognize that the reinstatement will not absolve Hebert, the shareholder, of his personal liability for corporate debts, which, by law, he assumed when he voluntarily dissolved the corporation.

We find the comments of the court in *Venture*, 906 So.2d 498, on the effects of corporate dissolution insightful. Therein, the court recognized that the legislature, pursuant to La.R.S. 12:148(C), provided for the maintenance of corporate existence *solely* for the purpose of completing litigation instituted before dissolution. *Id*. We also note, as was recognized by the second circuit, that this provision is designed to protect creditors: "Section 142.1 is not superseded by, but rather supplements, § 148C, by giving corporate creditors 'extra protection . . . to deter abuse' of the expedited process for dissolution by affidavit." *North La. Well Serv.*, 597 So.2d at 161; *see also, Brunson Bonding & Ins. Agency, Inc. v. ELM, Inc.*, 540 So.2d 530 (La.App. 1 Cir.), *writ denied*, 541 So.2d 902 (La.1989). Consequently, pending actions do not abate upon dissolution, and two options are available for maintaining such lawsuits after dissolution has occurred: either the proper party must be substituted in the case, pursuant to La.Code Civ.P. arts. 692 and 700[3], or the

_____

[3]Louisiana Code of Civil Procedure Article 692 states, in part:

**Art. 692. Corporation, limited liability company, or partnership in receivership or liquidation**

A. Except as otherwise provided by law, the receiver or liquidator appointed for a domestic or foreign corporation . . . by a court of this state is the proper plaintiff to sue to enforce a right of the corporation . . . . These rules apply whether, under the law of its domicile, the existence of the corporation . . . continues or is terminated.

corporate status of the dissolved entity, must be retroactively reinstated so that it can complete the litigation in its name. *Venture*, 906 So.2d 498.

Here, we find that because the request for reinstatement was for the purpose of resolving pending litigation instituted before dissolution, the purpose for seeking reinstatement was valid, and the trial court erred in denying the reinstatement of corporate status in this case. However, we also find that the Louisiana Business Corporation Law (LBCL) does not absolve a shareholder or incorporator, who has voluntarily dissolved a corporation by affidavit, of the personal liability for subsequent debts arising out of those claims brought against the entity, or which could have been brought against it, prior to its dissolution. *See Brunson*, 540 So.2d 530. Therefore, although we find that Hebert's request for reinstatement of the corporate status should have been granted, we do not find that the reinstatement will absolve him of any personal liability that may ultimately be imposed on the Corporation. *See* La.R.S. 12:142.1(B).

IV.

## CONCLUSION

For the foregoing reasons, this writ is granted and the ruling of the trial court is reversed. The trial court is ordered to grant the motion to reinstate the corporate status of Keith Hebert Carpentry/Vinyl Siding, Inc., and to issue an order to the Louisiana Secretary of State directing him to reinstate the corporation to active

---

B. The receiver or liquidator may institute and prosecute any action without special authorization from the court which appointed him.

Louisiana Code of Civil Procedure Article 700 states:

**Art. 700. Authority or qualification of plaintiff suing in representative capacity**

When a plaintiff sues as an agent to enforce a right of his principal, or as a legal representative, his authority or qualification is presumed, unless challenged by the defendant by the timely filing of a dilatory exception. When so challenged, the plaintiff shall prove his authority or qualification on the trial of the exception.

6

status, pursuant to La.R.S. 12:142.1(B).  Costs of this writ application are assessed to plaintiffs-respondents, Joseph and Beverly Butcher.

**WRIT GRANTED AND MADE PEREMPTORY.**

7