PETTIGREW, J.
 

 | ?The question presented by this appeal is whether the trial court’s
 
 ex parte
 
 order to reinstate the corporate status of a limited liability company voluntarily dissolved by affidavit pursuant to La. R.S. 12:142.1 constituted an abuse of discretion.
 

 FACTS
 

 In early 2005, Brett Barousse, Bruce Grizzaffi, and John Capone formed CBG Investment Group, L.L.C. (“CBG”) (collectively “defendants”), for the purpose of purchasing, investing in, and/or developing certain pieces of real estate, and, hopefully, selling those properties later for a profit. Barousse, Grizzaffi, and Capone were the sole members of CBG, with Barousse and Grizzaffi designated as managers of the company.
 

 At some point, it appears Barousse, Grizzaffi, and Capone offered George Dane Broussard, a long-time acquaintance of Barousse, an opportunity to purchase an uncompleted home in the Wilderness at White Oak Subdivision. Relying apparently on assurances given to him by Barousse, Grizzaffi, and Capone, Broussard purchased the uncompleted home situated at 19423 River Breeze Drive, Baton Rouge, Louisiana, from CBG on November 22, 2005, for $507,494.00. After depositing a substantial down payment and financing the balance of the purchase price, Brous-sard evidently hoped to promptly “flip” or resell the home and reap an immediate profit.
 

 Following his purchase of the uncompleted home, Broussard allegedly discovered substantial defects including unfinished and substandard construction, a large crack in the foundation, a crack in the brick wall of the attached garage, and a surrounding neighborhood generally unfinished and abandoned. Due to these defects, Broussard claimed he was unable to obtain Certificates of Occupancy, and the property remained uninhabitable, unrenta-ble, and unsellable. Broussard eventually
 
 *431
 
 defaulted on his notes, and the property was ultimately foreclosed upon and sold at Sheriffs sale.
 

 With no ownership interest in the property, a sizeable deficiency judgment, and other losses, Broussard filed suit in the 19th Judicial District Court on August 24, 2006, lsalleging defendants sold him a materially defective house and, thereafter, failed to live up to promises and assurances made to him regarding payment of the notes.
 
 [1]
 

 Alleging its financial ventures had been unsuccessful, CBG ceased developing real estate for financial gain in 2006. Claiming CBG was devoid of any assets, owned no immovable property, and owed no debts, Grizzaffi, in his capacity as manager of CBG, voluntarily dissolved CBG on April 15, 2008, by filing an affidavit of dissolution with the Louisiana Secretary of State, pursuant to La. R.S. 12:142.1(A).
 

 ACTION OF THE TRIAL COURT
 

 Evidently realizing that dissolution of CBG’s company charter exposed them to potential personal liability pursuant to La. R.S. 12:142.1, the members of CBG instituted the present litigation on July 14, 2009, by filing an
 
 ex parte
 
 Petition for Reinstatement of CBG Investment Group, LLC together with an attached order directing the Secretary of State to reinstate CBG as a viable Louisiana limited liability company. As part of their petition for reinstatement, the members of CBG disclosed that at the time of CBG’s dissolution, Broussard’s lawsuit was pending in the 19th Judicial District and remained unresolved.
 

 Thereafter, counsel of record for defendants informed Broussard, through his attorney, that a Petition for Reinstatement had been filed, and forwarded him a courtesy copy of said petition. The order directing the Secretary of State to reinstate CBG as a viable Louisiana limited liability company was signed by the trial court on July 21, 2009, and then forwarded to the Secretary of State, who reinstated CBG on July 28, 2009.
 

 On July 30, 2009, Broussard filed a Petition of Intervention, pursuant to La.Code Civ. P. art. 1091, claiming the unilateral reinstatement of CBG would have a substantial impact on his ongoing lawsuit against defendants. Broussard was thereafter granted leave of court to intervene in this matter.
 

 |4In response to Broussard’s intervention, the members of CBG filed a peremptory exception urging that as there was no pending action, Broussard had no legal authority to intervene in this matter, and as thus, possessed no cause of action. In the interim, Broussard moved for, and on September 30, 2009, was granted, a devol-utive appeal from the order of reinstatement signed by the trial court on July 21, 2009.
 
 [2]
 

 Despite opposition from Broussard, the trial court, following a contradictory hearing, signed a judgment granting defendants’ exception on October 15, 2009.
 

 LAW AND DISCUSSION
 

 The Louisiana Business Corporation Law (LB CL) authorizes two methods for voluntarily dissolving a corporation out-of-court: (1) by action of the corporation
 
 *432
 
 pursuant to La. R.S. 12:142, with the appointment of a liquidator; or (2) by affidavit executed by the shareholders pursuant to La. R.S. 12:142.1, when the corporation is not doing business and has no debts. This case involves the simplest and most convenient method of voluntary corporate dissolution — by affidavit.
 

 Louisiana Revised Statute 12:142.1 provides:
 

 § 142.1. Dissolution by affidavit
 

 A. In addition to all other methods of dissolution, if the corporation is not doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
 

 B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
 

 1 ¡As this court has noted in two earlier opinions, La. R.S. 12:142.1 is silent regarding several pertinent issues: i.e., what supporting evidence is necessary and/or sufficient in order for a court to reinstate corporate status; and if a reinstatement is ordered, whether a corporation is entitled to have the reinstatement declared to be retroactive.
 
 See In re Reinstatement of Venture Associates, Inc. of Louisiana,
 
 00-0711, p. 4 (La.App. 1 Cir. 5/11/01), 808 So.2d 650, 653 (hereafter referred to as
 
 “Venture I
 
 ”);
 
 In re Reinstatement of Venture Associates, Inc. of Louisiana,
 
 04-0439, pp. 4-5 (La.App. 1 Cir. 2/11/05), 906 So.2d 498, 500 (hereafter referred to as
 
 “Venture II”).
 
 In both of these prior opinions, this court respectfully suggested that the legislature address the points left unanswered by La. R.S. 12:142.1.
 

 It should be noted that unlike the facts presented to this court in the
 
 Venture
 
 cases, defendants in the present case apparently do not seek retroactive reinstatement of CBG’s corporate status. In the present case, Broussard questions (1) whether Barousse, Grizzaffi, and Capone possessed the requisite authority to reinstate CBG, and (2) whether the trial court abused its discretion in issuing an order for CBG’s reinstatement without an evi-dentiary or adversarial hearing.
 

 In his brief to this court, Broussard cites and relies on
 
 Venture I
 
 as authority for the proposition that an
 
 ex parte
 
 motion for reinstatement of corporate status should not be granted absent an evidentiary hearing when there is an adversarial interest involved.
 
 See, Venture I,
 
 00-0711, p. 8; 808 So.2d at 655.
 
 [3]
 

 The opinion of this court in
 
 Venture I
 
 reveals following Venture’s incorporation on June 3, 1987, several of its employees
 
 *433
 
 filed Jones Act claims. On May 18, 1989, Venture filed a declaratory action in Iberia Parish seeking a determination on the issue of insurance coverage, and later, in 1992, amended its petition to name various insurance |r,entities, including the appellants, as defendants. After settling with certain insurance entities, Venture continued to pursue its case against appellants.
 

 On August 11, 1993, Venture’s two shareholders filed an affidavit to dissolve the corporation pursuant to La. R.S. 12:142.1 (A). Upon learning of Venture’s dissolution, appellants filed exceptions raising the objection of no right of action, and the district court in Iberia Parish granted appellants’ exceptions as to no right of action based upon proof of Venture’s dissolution.
 

 Thereafter, Venture’s shareholders filed a written “Motion for Reinstatement of Corporate Status” in St. Mary Parish, on January 12, 2000. Said motion together with various attachments was submitted
 
 ex parte,
 
 and no evidence was submitted in support of the motion. The trial court signed an order the same date directing the reinstatement of Venture’s corporate status retroactive to August 11, 1993, the date of its dissolution by affidavit.
 

 The appellants assigned as error the trial court’s granting of the
 
 ex parte
 
 motion for Venture’s retroactive reinstatement absent evidence in support of the motion. In its opinion in
 
 Venture I,
 
 this court noted La. R.S. 12:142.1 was “silent, not only as to the need for supporting evidence, but more importantly, as to the stockholders’ right to procure a retroactive reinstatement.”
 
 Venture I,
 
 00-0711, p. 4; 808 So.2d at 653. Finding there was no statutory support for or against Venture’s entitlement to the
 
 ex parte
 
 order for retroactive reinstatement, this court then determined there was no controlling jurisprudence directly on point.
 

 This court concluded Venture was not “clearly entitled”, pursuant to La. Code Civ. P. art. 963, to the order of retroactive reinstatement issued
 
 ex parte
 
 by the trial court, and further ruled that as the pleadings disclosed the existence of an adversarial interest, the trial court should have held an evidentiary hearing.
 
 Venture I,
 
 00-0711, p. 8; 808 So.2d at 655. Accordingly, this court vacated the order of reinstatement and remanded the matter for further proceedings.
 

 17Broussard asserts this court should follow its earlier decision in
 
 Venture I,
 
 and similarly vacate CBG’s order of reinstatement and remand to the trial court for further proceedings.
 

 Defendants respond with the argument that upon remand, the parties in
 
 Venture I
 
 filed a new motion for reinstatement wherein an evidentiary hearing was conducted. On hearing the new motion for reinstatement, the trial court determined there was sufficient evidence to allow for reinstatement of the corporation retroactive to the date of dissolution. This court, in
 
 Venture II,
 
 upheld that determination finding “that the desire to maintain a pending lawsuit in a corporation’s name is a valid and lawful purpose for ordering the reinstatement of a corporation.”
 
 Venture II,
 
 04-0439, p. 7; 906 So.2d at 501. This court, in
 
 Venture II,
 
 further recognized,
 

 [Although Venture’s right of action may have ended when the corporation was dissolved by affidavit, the cause of action against the appellants survived because the lawsuit was pending prior to the effective date of the dissolution. One of two things must happen in order to maintain the Iberia Parish case originally brought by Venture against the appellants. Either the proper party plaintiff must be substituted in the Iberia Parish case pursuant to [La.Code Civ. P.] arts. 692 and 700, or Venture’s corporate sta
 
 *434
 
 tus must be retroactively reinstated so that Venture can maintain the lawsuit. Because we have already found that the trial court did not err when it issued the order reinstating Venture’s corporate status, we likewise find that it was not error to order that the reinstatement be retroactive to the date of the dissolution.
 
 Venture II,
 
 04-0439, pp. 9-10; 906 So.2d at 503 (Footnotes omitted).
 

 Defendants further point out that CBG acknowledged the adversarial interest of Broussard in its Petition for Reinstatement, and cite and rely upon La. R.S. 12:148(C), which provides as follows:
 

 C. Upon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced theretofore by, or commenced timely against, the corporation.
 

 As Broussard’s litigation had commenced against CBG at the time CBG was dissolved by affidavit pursuant to La. R.S. 12:142.1, defendants claim the corporate existence of CBG remained “technically” in effect pursuant to La. R.S. 12:148(C) and never ceased for purposes of Broussard’s suit against CBG. At the close of their brief to this court, defendants argue, for the first time, that “there is no reason the reinstatement | sof CBG should not be reinstated retroactively to the date of dissolution.” (Bold emphasis supplied).
 

 After a thorough review of the record in this case, we are mindful that the primary issue before this court is whether the trial court abused its discretion when it ordered reinstatement of CBG without conducting an evidentiary or adversarial hearing. Accordingly, we reject defendants’ contention that the holding of this court in
 
 Venture II
 
 can similarly be applied to the current stage of the present litigation for the reason that an evidentiary or adversarial hearing has not been held.
 
 [4]
 
 For the reasons previously expressed by this court in
 
 Venture I,
 
 we conclude CBG was not “clearly entitled” pursuant to La.Code Civ. P. art. 963 to the order of retroactive reinstatement issued
 
 ex parte
 
 by the trial court, and as the pleadings disclosed the existence of an adversarial interest, the trial court should have held an evidentiary hearing. Accordingly, the trial court’s order directing reinstatement of CBG’s corporate status is hereby vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 

 In the event reinstatement of CBG’s corporate status is ordered following an evidentiary or adversarial hearing, we express no opinion as to whether CBG is entitled to have said reinstatement declared to be retroactive, but instead direct the trial court’s attention to
 
 Butcher v. Keith Hebert Carpentry/Vinyl Siding, Inc.,
 
 06-672 (La.App. 3 Cir. 12/20/06), 945 So.2d 914, 916-917, and
 
 In re Reinstatement of North Louisiana Well Servicing Co., Inc.,
 
 597 So.2d 160, 162 (La.App. 2 Cir.1992).
 

 CONCLUSION
 

 For the above and foregoing reasons, the trial court’s order directing reinstate
 
 *435
 
 ment of CBG’s corporate status is hereby vacated, and this matter is remanded to the trial court |9for further proceedings consistent with this opinion. All costs associated with this appeal shall be assessed against defendants, Brett Barousse, Bruce Grizzaffi, and John Capone.
 

 ORDER VACATED; MATTER REMANDED.
 

 [1]
 

 .
 
 George Dane Broussard v. CBG Investment Group, L.L.C., Brett Barousse, Bruce Grizzaffi, and John Capone,
 
 Docket No. 546,724, Section 24, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.
 

 [2]
 

 . As Broussard was an interested third person who could have intervened in the trial court prior to its signing of the order of reinstatement, Broussard was granted a devolutive appeal pursuant to La.Code Civ. P. art. 2086.
 

 [3]
 

 . In
 
 Venture I,
 
 this court found "[o]ur examination of the jurisprudence interpreting [La. R.S.] 12:142.1(B) and related statutory provisions reveals there is no jurisprudential support for the proposition that Venture was "clearly entitled” to the
 
 ex parte
 
 order of retroactive reinstatement issued herein. [La. Code Civ. P.] art. 963.”
 
 Venture I,
 
 00-0711, p. 8; 808 So.2d at 655 [Bold emphasis supplied]. Earlier in its opinion in
 
 Venture I,
 
 this court noted, "[w]e do not address prospective reinstatement as that issue is not before us in this appeal.”
 
 Venture I,
 
 00-0711, n. 2; 808 So.2d at 651.
 

 [4]
 

 . We further note that as this court observed in
 
 Venture II,
 

 Some distinctions exist in the case before us. For example, the pending lawsuit is not one that was filed
 
 against
 
 Venture [as is the case with the present litigation], but rather was brought
 
 by
 
 Venture [against appellants] ... Most importantly, Venture has no apparent coiporate creditors that are protesting the reinstatement of its coiporate status [as is also the case with the present litigation].
 

 Venture II,
 
 04-0439, pp. 6-7; 906 So.2d at 501 (Italics found in original).