MARC E. JOHNSON, J.
12Intervenor/Appellant, Louisiana Construction and Industries, Self-Insurers Fund (hereinafter referred to as “the Fund”), appeals the judgment from the 24th Judicial District Court, Division “A”, ordering the reinstatement of Petitioner/Appellee, Southern Labor Services, L.L.C. (hereinafter referred to as “Southern Labor”), a dissolved limited liability company. For the following reasons, we vacate the trial court’s judgment and remand the matter for further proceedings.
*61 FACTS AND PROCEDURAL HISTORY
The following facts are taken from the record and briefs.
On November 20, 2006, Stacey Roque and Joaquin Roque (hereinafter collectively referred to as “the Roques”) filed Articles of Organization that formed Southern Labor. The Roques were the sole members of the limited liability company. Southern Labor was created to provide contract labor for demolition and remediation projects in the wake of Hurricane Katrina.
IsDanilo Castillo was an employee of Southern Labor[1] who was contracted to provide manual labor to Gill Industries, Ltd. (hereinafter referred to as “Gill Industries”). On August 10, 2008, Mr. Castillo was injured in the course of and scope of his employment. Subsequent to Mr. Castillo’s accident, Southern Labor reported the injury to its workers’ compensation carrier, the Fund. The Fund provided compensation coverage to Southern Labor through an indemnity agreement issued for Southern Labor’s exposure to workers’ compensation liabilities pursuant to the Louisiana Workers’ Compensation Act. After receiving Southern Labor’s claim, the Fund voluntarily initiated workers’ compensation payments to Mr. Castillo. During that time, Mr. Castillo did not assert a disputed claim for workers’ compensation benefits against Southern Labor.
On May 3, 2010, Southern Labor filed an affidavit to dissolve its status as a limited liability company pursuant to La. R.S. 12:1335.1. In the affidavit, the Roques swore that Southern Labor was no longer doing business, owed no debts, and was dissolved through the execution of the affidavit by its members, the Roques.
Over two years later, Mr. Castillo filed a workers’ compensation claim against Southern Labor on August 31, 2012. Mr. Castillo also filed a workers’ compensation claim against Gill Industries on September 7, 2012. On October 19, 2012, Gill Industries filed an Answer and Third-Party Demand, asserting in the third-party demand that Southern Labor was Mr. Castillo’s lending employer and owed defense, indemnity and/or contribution to Gill Industries for any and all compensation benefits it may have owed.
|4On December 18, 2012, the Roques filed a Petition to Reinstate Southern Labor Services, L.L.C. In the petition, the Roques sought the reinstatement of Southern Labor for the purposes of defending against claims by Gill Industries and Mr. Castillo. Southern Labor also sought to pursue claims against the Fund, as well as seeking penalties and attorney’s fees for the bad faith handling of the claims by the Fund. The Fund filed a Petition for Intervention and Answer to Petition for Reinstatement of Southern Labor Services, L.L.C. on February 15, 2013. The Fund asserted that the Roques voluntarily dissolved Southern Labor through an affidavit when they knew or should have known of the ongoing workers’ compensation claim of Mr. Castillo, and that the reinstatement action was instituted in an effort to avoid potential personal liability.
*62 The matter was set for a Rule to Show Cause on May 1, 2013 as to why Southern Labor should not be reinstated. No evidence was admitted at the hearing. At the conclusion of the hearing, the trial court granted the reinstatement in an attempt to give the parties “a day in court to try [the] matter on the merits.” The trial court stated that it was granting the reinstatement for the sole purpose of allowing Southern Labor to litigate the matter regarding Mr. Castillo. In a written judgment rendered on May 13, 2013, the trial court granted the reinstatement of Southern Labor retroactive to May 3, 2010, the date of its dissolution by affidavit. The trial court also ordered the Louisiana Secretary of State to reinstate the active limited liability company status of Southern Labor retroactively to May 3, 2010. The instant appeal followed that judgment.
ASSIGNMENT OF ERROR
In its sole assignment of error, the Fund alleges the trial court committed reversible error when it ordered the Louisiana Secretary of State to reinstate the | ¡¡active status of Southern Labor retroactively to the date of its dissolution by affidavit.
LAW AND ANALYSIS
The Fund alleges the trial court committed reversible error in ordering the Louisiana Secretary of State to reinstate Southern Labor’s active status as a limited liability company retroactive to the May 3, 2010 dissolution date. The Fund argues the trial court improperly granted the reinstatement of Southern Labor solely based upon the allegations raised in the petition. The Fund further alleges the trial court committed reversible error by reinstating Southern Labor’s active status without requiring it to produce evidence establishing its entitlement to reinstatement. The Fund avers the trial court failed to determine that Southern Labor had a lawful purpose for the reinstatement, not merely the avoidance of personal liability by the Roques. The Fund further argues the trial court’s ruling deprived it of an opportunity to cross-examine any witness on behalf of Southern Labor in regard to the status of the entity at the time the affidavit of dissolution was filed. The Fund argues that the allegation that Southern Labor may have acquired a cause of action subsequent to dissolution is not a sufficient basis to support an order of reinstatement; particularly, reinstatement retroactive to the date of dissolution.
Conversely, Southern Labor contends the trial court was correct in its decision to reinstate it to an active status because there was no requirement for it to establish a “lawful purpose” or have an eviden-tiary hearing conducted. Although there was no statutory requirement for a “lawful purpose,” Southern Labor states that there was a “lawful purpose” submitted to the trial court. Southern Labor asserts there was evidence presented that reflected it was no longer doing business and owed no debts when its affidavit of dissolution was filed; and, only after the dissolution occurred, did the Funds’ alleged claims arise against it. |fiBecause Southern Labor, not the Roques, was the party that entered into the indemnity/insurance arrangement, Southern Labor argues that only it can assert and/or defend any claims regarding that arrangement. Southern Labor also contends that if it owed debts to the Fund at the time the affidavit of dissolution was filed, which it denies, then the statutory requirements of La. R.S. 12:1335.1 were not met, necessitating its reinstatement.
Louisiana Civil Code of Procedure article 1335.1 provides
*63 A. In addition to all other methods of dissolution, if a limited liability company is no longer doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. Thereafter, the members, or the organizer if no membership interests have been issued, shall be personally liable for any debts or other claims against the limited liability company in proportion to their ownership interest in the company.
B. The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issue by a court of competent jurisdiction.
There is no statutory guidance provided as to whether members of a dissolved limited liability company are entitled to retroactive reinstatement of a company without having evidence admitted in support of the reinstatement. Furthermore, we do not have any jurisprudential guidance from this Circuit[2] as to the procedural aspects of the admission of evidence for reinstatement. However, we do find the ruling in In re Reinstatement of CBG Investment Group, L.L.C., 09-2150 (La.App. 1 Cir. 6/3/10); 42 So.3d 429, persuasive.
In In re Reinstatement of CBG Investment Group, L.L.C., after voluntarily dissolving the company, former members of a limited liability company petitioned |7the court to reinstate its corporate status to avoid personal liability in an unresolved litigation. The plaintiff in the unresolved litigation filed a Petition for Intervention in the reinstatement proceeding. The former members filed a peremptory exception, alleging the plaintiff had no cause of action in the reinstatement proceeding. The exception was granted by the trial court, and the plaintiff appealed. On appeal, the Louisiana First Circuit Court of Appeal addressed the issue of whether the trial court abused its discretion when it ordered reinstatement of the limited liability company without conducting an evidentiary or adversarial hearing. In reversing the trial court, the First Circuit held that the former members of the company were not clearly entitled to retroactive reinstatement pursuant to granting of an ex parte Petition for Reinstatement without an evidentiary hearing. Id. at 434. The order directing reinstatement of .the limited liability company was vacated, and the matter was remanded for an evidentiary hearing. Id. at 435.
Our review of the In re Reinstatement of CBG Investment Group, L.L.C. case leads to the conclusion that evidence needs to be presented in order to have a limited liability company reinstated. Because the trial court reinstated Southern Labor retroactively to the date of dissolution without considering documentation properly admitted into evidence, we hold there was no basis presented to the court for the reinstatement. Consequently, we find the trial court erred in granting the reinstatement of Southern Labor and ordering the Louisiana Secretary of State to reinstate *64 Southern Labor’s active status retroactive to the date of dissolution. Therefore, we vacate the trial court’s judgment and remand the matter to the trial court for an evidentiary hearing for the Roques to prove they are entitled to reinstatement of Southern Labor.
IsDECREE
For the foregoing reasons, we vacate the judgment and remand the matter for further proceedings. The Roques are assessed the costs of this appeal.

VACATED AND REMANDED.

. In its briefs to the trial court and this Court, the Fund argues that Mr. Castillo was not an employee of Southern Labor. The Fund alleges Mr. Castillo was an employee of Southern Environmental of Louisiana, L.L.C., which was another limited liability company owned by the Roques. The issue of which company was Mr. Castillo's employer at the time of the accident is not a question before this Court in this appeal. For the sole purpose of simplicity within this opinion, Southern Labor is referred to as Mr. Castillo’s employer. This Court renders no decision as to Mr. Castillo’s actual employer.

. We acknowledge our holding in In Re Islander Shipholding, Inc., 97-978 (La.App. 5 Cir. 4/15/98); 715 So.2d 7, where we affirmed the denial of a Petition to Annul the reinstatement of a corporation. In that matter, the Petition for Reinstatement was granted ex parte. However, the only issue before this Court in that case was whether shareholders who dissolved their corporation must notify anyone when the shareholders decide to reinstate the corporate status pursuant to La. R.S. 12:142.1(B). This Court's opinion did not render a decision concerning the procedural or evidentiary requirements of reinstatement of the corporation.