NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1290

ALVIN FAIRBURN & ASSOCIATES, LLC

VERSUS

MARSHALL HENRY HARRIS AND CINDY WALE

*Consolidated with*

NUMBER 2020 CA 1291

MARY KISTLER

VERSUS

MARSHALL HENRY HARRIS AND CINDY WALE

Judgment Rendered: OCT 1 8 2021

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston, Louisiana
Docket Number 140553 c/w 140754

Honorable Brenda Bedsole Ricks, Judge Presiding

*************

| | |
|---|---|
| Karl J. Koch<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant,<br>Mary Kistler |
| Charles A. Schutte, Jr.<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Marshall Henry Harris |

BEFORE: WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

**WHIPPLE, C.J.**

In this defamation case, plaintiff appeals the district court's July 29, 2019 judgment, granting a motion for summary judgment filed by one defendant and dismissing her claims against that defendant. For the following reasons, we deny as moot the pending motion to strike plaintiff's reply brief, vacate the judgment on appeal, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This suit arises from allegedly defamatory remarks made by Marshall Harris and Cindy Wale, who were members of the Livingston Parish Council, in interviews conducted by a reporter with Baton Rouge television station WBRZ regarding the Council's approval of a resolution to authorize certain work related to improvements to Duff Road in Livingston Parish. Plaintiff, Mary Kistler, filed a petition for damages, naming Harris and Wale as defendants and contending that in those interviews, portions of which were aired in a news piece on WBRZ, Harris and Wale intentionally made false and defamatory statements about her, by accusing her of engaging in conduct that would constitute a crime had it occurred. According to the petition, defendants accused Kistler, who was formerly employed as the Clerk of the Livingston Parish Council, of falsifying Council records by changing a resolution so that it no longer accurately reflected the action of the Council, thereby causing the Parish to spend $31,000.00 that the Council had never authorized, when, in fact, the Council, and more particularly Harris and Wale, had specifically authorized the precise actions that were taken.

The allegations of Kistler's petition can be summarized as follows. The actions of the Council at issue involved the September 22, 2011 approval of a motion by then-Councilman Thomas Watson to authorize engineering work for improvements to Duff Road. At that Council meeting, Watson presented to the Council a one-page document entitled "Duff Road Improvements Chronology of

2

Tasks/Estimated Task Value" ("the Duff Road Improvements document"), which had been prepared by the engineering firm of Alvin Fairburn & Associates ("AFA"). The Duff Road Improvements document attached to Kistler's petition listed nine proposed "tasks" with a corresponding column for the estimated task value. The first task, entitled "Study and Report," had no corresponding task value assigned; the second task, "Preliminary Design," had a corresponding task value of $15,000.00; and the third task, "Detailed Route Survey," had a corresponding task value of $20,000.00. As alleged in the petition, at the September 22, 2011 Council meeting, Watson moved to authorize "this study ... up to $35,000.00," and the motion was approved unanimously.

As further set forth in the petition, following that Council meeting, Kistler, whose duties as Clerk included preparation of the official record of each Council meeting, prepared a draft resolution to memorialize the Council's approval of Watson's motion, stating that Watson had moved to authorize the "evaluation phase" of the project "in accordance with the written chronology of tasks/estimated task value." In order to ensure that the resolution accurately reflected the action taken by the Council, Kistler then emailed the draft resolution to AFA for review. Kistler further alleged that after communications between herself and a representative of AFA, Kistler modified the draft resolution to state that the work approved included the two particular tasks on the Duff Road Improvements document with listed task values totaling $35,000.00, i.e., the "Preliminary Design" and "Detailed Route Survey." Kistler further alleged that the draft resolution as modified was approved at the next Council meeting on October 13, 2011.

According to the petition, WBRZ later aired an investigative story on March 6, 2013, in which Kistler contended she was accused of having engaged in improper conduct by altering the scope of work the Council approved for Duff

Road, resulting in the Parish being overcharged $31,000.00 for work the Council never authorized. Kistler alleged that the WBRZ story prominently featured the interviews of both Harris and Wale, in which defendants made false and defamatory statements about her. She contended that their statements explicitly or implicitly accused her of criminal conduct and were words that necessarily tended to injure her professional reputation, thus rendering the statements defamatory *per se*. Alternatively, she averred that Harris and Wale actively intended to make false statements to cause injury and harm to her. Thus, Kistler sought damages for these allegedly defamatory statements.

Thereafter, on March 22, 2019, Harris filed a motion for summary judgment, contending that there were no genuine issues of material fact and that he was entitled to a judgment as a matter of law dismissing Kistler's claims against him. He contended that Kistler could not establish that his statement was either defamatory *per se* or susceptible of a defamatory meaning. Rather, he asserted that his statement was an opinion, which constituted protected speech. Additionally, Harris claimed that his statement was subject to a qualified privilege, thus requiring Kistler to prove actual malice and falsity, elements of her claim for which there was no factual basis.

In opposition to the motion, Kistler contended that she established factual support for the elements of her claim. She averred that Harris's statement was an unprivileged communication to a third party and that because Harris accused her of committing a crime, the statement was defamatory *per se*, such that falsity, malice, and damages were presumed and the burden shifted to Harris to disprove each of these elements. Alternatively, she contended that genuine issues of material fact existed as to whether Harris's statement was defamatory, whether the statement was a privileged communication, and whether she had suffered damages.

Following a hearing on the motion, the district court granted Harris's motion for summary judgment and dismissed with prejudice Kistler's claims against him, finding that there was no evidence of actual malice by Harris. From this judgment, Kistler appeals.[1]

## MOTION TO STRIKE REPLY BRIEF

Prior to reaching the issues in this appeal, we address the pending Motion to Strike Reply Brief filed by Harris. In his motion, Harris seeks to strike the reply brief Kistler attempted to file with this court on April 30, 2021, asserting that the reply brief should be stricken due to Kistler's failure to file a timely original brief. See Uniform Rules—Courts of Appeal, Rule 2-12.6.[2] However, because Kistler had not timely filed an original brief, she was notified by this court that a motion for leave to file the reply brief would be required. Because no motion for leave was received by this court, the reply brief was not filed with this court. Accordingly, Harris's Motion to Strike Reply Brief is denied as moot.

## DISCUSSION

On appeal, Kistler contends through two assignments of error that the district court erred in finding that she had failed to produce factual support sufficient to establish the existence of a genuine issue of material fact and in

---

[1]Several months before Harris filed his motion for summary judgment, defendant Wale also filed a motion for summary judgment, and both motions were heard on the same day. By separate judgment, the district court also granted Wale's motion for summary judgment and dismissed Kistler's claims against her. The companion appeal of Alvin Fairburn & Associates, LLC v. Marshall Henry Harris and Cindy Wale, 2020-1292 c/w 2020-1293, pending before another panel of this court, addresses that judgment.

[2]Rule 2-12.6 of the Uniform Rules—Courts of Appeal provides in part that the appellant may file a reply brief "if he has timely filed an original brief."

ultimately concluding that Harris was entitled to judgment as a matter of law with regard to the issue of malice or other fault. Harris, however, counters that in support of his motion, he established Kistler would be unable to prove the first three elements of her claim, namely, a defamatory statement, an unprivileged publication, and malice.

In support of his motion for summary judgment, Harris asserted that the statement he made that was aired on WBRZ was not defamatory *per se* because he did not mention Kistler's name or accuse her of any crime and did not directly state or indirectly imply any improper act by Kistler. Additionally, he contended that his statement did not qualify as defamation by implication or innuendo because the statement was in regard to a public issue or matter. Rather, he contended that the statement he made was clearly an expression of opinion, which would be actionable only if it were accompanied by or implied the existence of underlying facts about Kistler that were false, defamatory, and made with actual malice. Harris contended that there was an absence of any factual support of actual malice at the time he made the statement and that his statement, as an opinion, did not contain any false statement of fact. Harris further contended that his statement was subject to a qualified privilege, such that Kistler was required to prove actual malice, a finding for which there was no factual support.

However, with regard to the evidence offered by Harris in support of his motion, we note that although Harris stated in his motion that he was "adopt[ing] by reference" fifteen exhibits that had been annexed to a motion for summary judgment that had been filed by defendant Wale almost five months earlier, the only exhibit that Harris actually filed with his motion for summary judgment was a portion of his own June 22, 2015 deposition. Similarly, in her memorandum in opposition to the motion, Kistler stated that she was "incorporat[ing] by reference the oppositions to the Defendants' first motion for summary judgment filed by her

6

and then-Plaintiff [AFA], along with the exhibits and other attachments filed with those oppositions...," as well as "incorporat[ing] by reference her opposition to the Defendants' second motion for summary judgment ..., along with the exhibits and attachments filed with that opposition," all of which she contended was already in the record of this proceeding.

To the extent that both parties attempted to adopt or incorporate "by reference" evidence or documents contained elsewhere in the record, we note that only documents actually filed in support of or in opposition to the motion for summary judgment may be considered by the court on a motion for summary judgment. LSA-C.C.P. art. 966(D)(2) & Comments - 2015, comment (k); Tillman v. Nationwide Mutual Ins. Co., 2020-0250 (La. App. 1st Cir. 2/22/21), 321 So. 3d 1017, 1022 & n.5, writ denied, 2021-00429 (La. 5/25/21), 316 So. 3d 446 (holding that despite the attempt by **both** parties to "adopt by reference the entire prior record" in the matter and to "offer, file, and introduce, by reference the entire record" into evidence during the hearing, only documents actually filed will be considered on *de novo* review); S&P Investments, LLC v. Nguyen, 2020-0602, 2020-0603 (La. App. 1st Cir. 1/25/21), 319 So. 3d 864, 867, (rejecting as meritless plaintiff's contention that the district court erred in granting summary judgment by allowing defendant to rely on affirmative defenses not pled in defendant's answers where neither party filed a copy of a defendant's answers in support of or in opposition to a motion for summary judgment); Huggins v. Amtrust Insurance Company of Kansas, Inc., 2020-0516 (La. App. 1st Cir. 12/30/20), 319 So. 3d. 362, 366-367, (holding, on *de novo* review, that where, on cross-motions for summary judgment, the appellate record does not clearly show plaintiffs' evidence was attached to their motion for summary judgment, plaintiffs failed to meet their initial burden even if the documents appear in the record elsewhere, and further holding that **defendant's** exhibits filed in support of its cross-motion for summary

7

judgment cannot be considered on *de novo* review of **plaintiffs'** motion, as the exhibits were not filed in support of or in opposition to plaintiffs' motion); Horrell v. Alltmont, 2019-0945 (La. App. 1ˢᵗ Cir. 7/31/20), 309 So. 3d 754, 758-761 (holding that defendants' request that the district court take judicial notice of decisions of the appellate court and Supreme Court to support summary judgment based on *res judicata* fails to satisfy requirements for a summary judgment under LSA-C.C.P. art. 966; rather, defendants were required to file the other judgments and suit record to establish whether suit was barred); James as Co-Trustees of Addison Family Trust v. Strobel, 2019-0787 (La. App. 1ˢᵗ Cir. 6/24/20) (unpublished), 2020 WL 3446635, *3-4 (finding that where movers, as plaintiffs in cross claim, filed no memorandum or documents in support of **their** motion for summary judgment, but only filed a "Statement of Undisputed Facts," referencing two documents filed as exhibits to the **plaintiffs'** motion for summary judgment on the main demand, movers failed to sustain their initial burden of proof).

As this court noted in Huggins, we recognize the duplicative nature of requiring the parties to include their own copies of evidence appearing elsewhere in the record. However, under current LSA-C.C.P. art. 966(D)(2), we may consider only those documents specifically filed in support of or in opposition to Harris's motion for summary judgment. Huggins, 319 So. 3d at 367. Thus, the only evidence relied upon by Harris that this court may consider is the portion of the deposition filed by Harris in support of the motion, and not the fifteen exhibits elsewhere in the record that he attempted to "adopt by reference." Likewise, to the extent that Kistler did not file any evidence in opposition to the motion, but rather attempted to "incorporate by reference" evidence submitted in reference to other motions for summary judgment, we cannot consider those documents either. Huggins, 319 So. 3d at 367.

8

On *de novo* review, we conclude that the evidence properly filed by Harris in support of his motion is insufficient to support the granting of summary judgment. At a minimum, there is no testimony or other evidence filed in support of or in opposition to the motion to establish the precise and complete statement by Harris that Kistler alleges was defamatory.[3] Without evidence of the complete and accurate statement of Harris, this court cannot determine whether the statement was defamatory *per se* such that falsity and malice would be presumed, whether it was a statement of opinion for which no defamation claim could lie, whether it was a statement of opinion that implied the existence of false and defamatory underlying facts such that a claim for defamation could lie, or whether the statement was subject to qualified privilege. Moreover, without properly filed evidence, including evidence of Harris's complained-of statement, this court is unable to determine whether Harris has pointed to an absence of factual support for the elements of Kistler's claim he contends she will be unable to prove.

For these reasons, we conclude that the district court erred in granting Harris's motion for summary judgment and dismissing with prejudice Kistler's claims against him. Accordingly, the judgment must be vacated. See Horrell, 309 So. 3d at 761-762.

## CONCLUSION

For the above and foregoing reasons, the Motion to Strike Reply Brief filed by Marshall Harris is denied as moot. The district court's July 29, 2019 judgment,

---

[3]On review of Harris's deposition excerpts, we note that to the extent counsel for Kistler, in questioning Harris, purported to restate any alleged statement by Harris, such a reference by counsel in his questions does not constitute evidence of any statement by Harris. See In Re Reinstatement of Venture Associates, Inc. of Louisiana, 2000-0711 (La. App. 1st Cir. 5/11/01), 808 So. 2d 650, 652 n.6 (holding that facts referred to in argument of counsel are not considered record evidence).

granting the motion for summary judgment filed by defendant Marshall Harris and dismissing plaintiff Mary Kistler's claims against him, is hereby vacated, and this matter is remanded for further proceedings consistent with the views expressed herein.

Costs of this appeal are assessed equally against plaintiff Mary Kistler and defendant Marshall Harris.

**MOTION TO STRIKE REPLY BRIEF DENIED AS MOOT; JUDGMENT VACATED; REMANDED.**

10